RITTER et al.  v.  HARRISS et ux.

No. 3088.

Court of Civil Appeals of Texas.

Eastland.

April 2, 1954.

Rehearing Denied April 30, 1954.

242

W. D. Gordon, Gordon D. Baten, Beaumont, for appellants.

C. O. McMillan, Stephenville, E. M. Davis, Brownwood, for appellees.

LONG, Justice.

On October 24, 1942, Mrs. Claudia Gordon Ritter, et al., executed and delivered to Harvey H. Harriss and wife, a warranty deed conveying 320 acres of land in Brown County, Texas. The deed contained the following reservation:

"It is understood and agreed that the grantors herein reserve and except to themselves from this conveyance one-half of one-eighth of the oil, gas and other mineral royalty that may be pro-

duced from said land, and further reserve and except to themselves from this conveyance one-half of any bonuses or rentals that may be paid under the terms of any mineral lease for a period of ten years, but giving to the grantee herein, his heirs and assigns, the full and exclusive right to execute any and all mineral leases without being joined by the grantors."

Harriss and wife instituted this suit against the present owners of said reserved interest, seeking a judgment declaring that the reservation had terminated. Upon a trial before the court without a jury, the court found that the reservation had terminated an declared Harriss and wife to be the owners of the 320 acres of land free of reservation. From this judgment defendants have appealed.

It is the contention of appellants that the limitation of ten years in the reservation applied only to one-half of any bonus and rentals which might be paid under the terms of any mineral lease and did not apply to the reservation of one-half of one-eighth of the royalty.

The trial court filed the following findings of fact and conclusions of law:

"1. The Court finds that under date of October 24, 1942, Mrs. Claudia Gordon Ritter and husband, M. D. Ritter, Mrs. Clara Gordon Baten, a widow, Mrs. Della Gordon Gwathmey and husband, J. A. Gwathmey, and C. L. Gordon did execute the following deed:

"(Here is set out the deed and the reservation therein which is under consideration here.)

"2. The Court finds that said deed was duly delivered to the Grantees, Harvey H. Harriss and wife, Vesta Harriss.

"* * * * * *

"4. The Court finds that the defendants, M. D. Ritter, Clara Gordon Baten, Della Gordon Gwathmey and husband, J. A. Gwathmey, are original

grantors in said deed and that the grantors, Claudia Gordon Ritter and C. L. Gordon, are deceased and that the defendants above named together with the defendants J. B. Gordon and Freda Gordon, a widow, are the successors in title to all of the above rights of said deceased grantors and that all parties interested in the reservation contained in the deed quoted under finding No. One above are before the Court and are parties to this suit.

"5. The Court finds that more than ten years elapsed after the execution and delivery of the deed copied in finding No. One above and before this suit was filed.

"6. The Court finds that at the time the deed copies in finding No. One above was being prepared there were then present the grantors, Clara Gordon Baten, Della Gordon Gwathmey, J. A. Gwathmey, and Claudia Gordon Ritter, and the grantees, Harvey H. Harriss and wife, Vesta Harriss.

"6-A. The Court further finds that while the deed was being prepared, or immediately prior thereto, there was an agreement between the grantors present and the grantees that the reservation in the deed of the mineral royalty, bonuses and rentals should be limited to a period of ten years only and should terminate at the end of ten years from the date of the deed.

"7. The Court finds that at the time when the deed was being prepared the grantee, Harvey H. Harriss, stated in the presence of all parties above named that he would not buy any land with a permanent royalty or mineral interest reserved.

"8. The Court finds that while the deed was being prepared and was being dictated by the lawyer preparing the same and after the lawyer had stated to the stenographer that the grantors reserve one-half of one-eighth of the oil, gas and other mineral

royalties that may be produced from said land, the grantee, Harvey H. Harriss said to the lawyer: 'That's for ten years,' and the lawyer said: 'Just wait a minute. I will get to that' or words to that effect.

"9. The Court finds that the reservation dictated by the lawyer and contained in the deed reads as follows:

" 'It is understood and agreed that the grantors herein reserve and except to themselves from this conveyance one-half of one-eighth of the oil, gas and other mineral royalty that may be produced from said land, and further reserve and except to themselves from this conveyance one-half of any bonuses or rentals that may be paid under the terms of any mineral lease for a period of 10 years, but giving to the grantee herein, his heris and assigns the full and exclusive right to execute any and all mineral leases without being joined by grantors.'

" *      *      *      *      *      *

"Conclusions of law

"1.

"An instrument making a reservation of oil and gas may make such reservation operative only for a specified time.

"2.

"Under the general rule of law that an ambiguity in a reservation of oil and gas must be resolved against the grantor, the reservation contained in the deed quoted in Finding of Fact No. One above should be declared to have expired and terminated.

"3.

"The circumstances surrounding the preparation and execution of the deed copied in Finding of Fact No. One showed that the parties intended that the reservation should expire and terminate in ten years after the date of the deed.

244

"4.

"The reservation contained in the deed mentioned and copied in Finding of Fact No. One above should be declared to have expired and terminated and the Cloud cast upon plaintiffs' title by such reservation should be removed.

"* * * * * *

"6.

"Since this suit should be decided on the construction of the language of the reservation contained in the deed, no reformation of the deed is necessary nor proper and all other relief should be denied."

It is the contention of appellants that the clause in the reservation "for a period of ten years" applies only to any bonuses or rentals paid under mineral leases and does not apply to the one-half royalty. They contend, although ten years has expired from the date of the deed, that the reservation therein of one-half of the royalty is still in effect. Appellees contend that the clause "for a period of ten years" applies not only to any bonuses or rentals but also to the one-half royalty. It is our opinion the deed is clear and unambiguous on its face. The grantors first reserved one-half of one-eighth of the royalty that might be produced from the land, then, in addition thereto, reserved for ten years one-half of all bonuses or rentals that might be paid. The reservation of royalty is separate and distinct from the reservation of bonuses and rentals and is set off therefrom by a comma. After the comma the grantors make the further, or additional, reservation of bonuses and rentals. The word "further" is defined as "in addition." The clause "for a period of ten years" is a restrictive clause and there is no comma between it and the reservation of one-half the bonuses and rentals to indicate that it was the intention of the parties for the clause to relate back to the royalty reservation. It seems to us that the reservation of royalty is made as separate and distinct from the additional provision for reservation of bonus and rental

as the final provision that the grantee could execute leases without joinder of the grantors. There is no question but that grantors could reserve an interest in the royalty and also part of the bonuses and rentals paid under mineral leases. To our minds it is clear that grantors reserved two separate and distinct rights. The first was a permanent interest in the minerals that might be produced from the land, the other was one-half of the bonuses and rentals that might be paid under the terms of any oil or gas lease for a period of ten years. The reservation on its face is plain and unambiguous. In clear language it reserves one-half of one-eighth of the oil, gas and other mineral royalty that may be produced from said land, without limitation as to the time. Then, in addition, it reserves one-half of the bonuses or rentals paid, for ten years and then gives the grantees the right to execute mineral leases without being joined by grantors. Since the deed is not ambiguous parol evidence as to conversations and agreements between the parties at the time of and prior to its execution showing a different intention than that plainly expressed in the deed was not admissible. It is well settled that if a deed is so written that it can be given a definite meaning or interpretation it is not ambiguous. Parol evidence as to the circumstances surrounding the execution of a deed is not admissible when the instrument, by its terms, plainly and clearly discloses the intention of the parties and is not fairly susceptible of more than one construction. Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977; Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217; Murphy v. Dilworth, 137 Tex. 32, 151 S.W.2d 1004; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

The language used in the reservation plainly and clearly discloses the intention of the parties and is not fairly susceptible of more than one construction. The trial court erred in holding that the reservation of one-half of one-eighth of the royalty terminated ten years from the date of the deed. It is our duty to render the judg-

ment that should have been rendered by the trial court. Therefore, that part of the judgment holding that the reservation of one-half of the royalty had terminated is reversed and judgment is here rendered that said reservation is in full force and effect and that appellants' title and possession thereof be quieted. The judgment in all other respects is affirmed.

Judgment affirmed in part and reversed and rendered in part.