HARVEY H. HARRISS ET UX V. M. D. RITTER ET AL

No. A-4722. Decided May 25, 1955.
Rehearing overruled June 22, 1955.
(279 S.W. 2d Series 845)

*C. O. McMillan,* of Stephenville, *E. M. Davis,* of Brownwood, and *L. Hamilton Lowe,* of Austin for petitioners.

*W. D. Gordon, G. D. Baten* and *John P. Blair,* all of Beaumont, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

The petitioners filed this suit in the District Court of Brown County, Texas, against the respondents alleging that they became the owners of 320 acres of land situated in said County by virtue of a general warranty deed dated October 24, 1942; that said deed conveyed all the title, subject to an exception of certain royalties, bonuses and rentals which were reserved by the grantors for a period of ten years from the date of the deed; that on October 24, 1952, all rights in and to such royalties, bonuses and rentals which had been excepted and reserved out of the conveyance and retained by the grantors terminated. The petitioners filed a trial amendment alleging, in the alternative, and only in the event that the court should find that the "language of the reservations" in the deed does not clearly show that the entire interest reserved expired on October 24, 1952, that the paragraph in the deed wherein the exceptions and reservations were described is ambiguous, and, therefore, petitioners were entitled to introduce parol evidence showing the true intention of the parties. The respondents answered the suit by alleging that the exception contained in the deed was unambiguous and that the limitation period of ten years applied only to the bonuses and rentals. The respondents further alleged that under and by virtue of the unambiguous terms of said exception a perpetual royalty of 1/16th of all oil and minerals thereafter produced from said land was reserved unto the grantors.

The trial court overruled respondents' special exceptions to

petitioners' trial amendment, and permitted the introduction of parol evidence on the question of whether or not the limitation period of ten years applied to the royalties described in the reservation.

The court, without the aid of a jury, after hearing the pleadings and the evidence, rendered its judgment declaring that the petitioners were the owners of all royalties, bonuses and rentals described in the following paragraph of the deed above mentioned:

"It is understood and agreed that the grantors herein reserve and except to themselves from this conveyance one-half of one-eighth of the oil, gas and other mineral royalty that may be produced from said land, and further reserve and except to themselves from this conveyance one-half of any bonuses or rentals that may be paid under the terms of any mineral lease for a period of ten years, but giving to the grantee herein, his heirs and assigns, the full and exclusive right to execute any and all mineral leases without being joined by the grantors."

The Court of Civil Appeals sustained the contention of respondents that the deed was unambiguous, and that the limitation period of ten years applied to the bonuses and rentals, but not to the royalties. The judgment of the trial court was affirmed in part and reversed and rendered in part. 267 S.W. 2d 241.

The petitioners contend that the trial court was correct in admitting parol evidence to determine the intention of the parties, and that the judgment of that court that petitioners were the owners of the royalties reserved in the deed was the only proper judgment which could have been entered. Petitioners did not plead or prove that the exception or reservation was inserted in the deed through fraud, accident or mistake.

Petitioners further contend that in the event it should be held that the royalty reservation has not terminated, the Court of Civil Appeals, by its judgment, enlarged the reservation so as to award respondents a greater interest in the royalty than was actually excepted from the conveyance.

■ It is our opinion that the deed is not ambiguous. In the absence of ambiguity, and since pleading and proof of fraud, accident or mistake is entirely absent, we must arrive at the intention of the parties by confining our consideration to the terms of the deed. The construction given the deed by the

grantors and the grantees was immaterial, and, therefore, parol evidence was not admissible to vary its terms. Richardson v. Hart, 143 Texas 392, 185 S.W. 2d 563.

■ The exception, so far as the reservation of royalty is concerned, clearly discloses that it was the intention of the grantors to except from the conveyance and reserve unto themselves a perpetual non-participating royalty on all oil, gas and other minerals produced from the land described in the deed. The land was not under an oil and gas lease at the time of the execution and delivery of the deed. It is clear, however, from the language of the deed that the parties contemplated that oil, gas and mineral leases would be executed by the grantees in the future. The provision "giving to the grantee, his heirs and assigns, the full and exclusive right to execute any and all mineral leases without being joined by the grantors" is consistent with the contention of the grantors (respondents) that the royalty excepted from the conveyance was perpetual and not for the limited period of ten years. The exception clause clearly shows that it was the intention of the grantors to grant unto the grantee, his heirs and assigns the full and exclusive right to execute *any and all mineral leases* in the future.

■ Petitioners contend that the Court of Civil Appeals gave controlling effect to the punctuation and not to the language contained in the reservation. It is argued that the above quoted one sentence reservation should be considered as though it contained no punctuation marks whatever, and that when read without the punctuation marks, the reservation of royalty as well as bonuses and rentals was for a limited period of ten years. In other words, the limitation period relates to hte entire reservation and that all rights reserved by the grantors terminated at the expiration of said time and the grantees became the owners of the fee simple title to the land, free and clear of any and all reservations of royalties, bonuses and rentals. We think the opinion of the Court of Civil Appeals is not subject to such interpretation. It is well settled that the words contained in the instrument, and not the punctuation, should be the controlling guide in construing the deed, but we know of no rule which requires the court to disregard all punctuation and look solely to the language of the instrument. In the case of Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Texas 574, 136 S.W. 2d 800, 804, 127 A.L.R. 1217, it was held that "the absence of a comma between 'Minerals' and 'Paint Rock' does not cause ambiguity or such uncertainty in the meaning of the reservation as will permit the consideration of extrinsic evidence in construing

the deed * * *," there under consideration. The court inserted a comma in order to ascertain from the words used the intention of the parties. In the present case, the comma was inserted in the deed when it was prepared. The comma appears immediately after the reservation of the oil, gas and other mineral royalty that may be produced from said land. This was a separate and distinct reservation from that of bonuses and rentals. The comma is not the controlling guide, but it aids in construing the words used in the deed. The words following the comma and the royalty reservation: "and further reserve and except to themselves from this conveyance one-half of any bonuses or rentals that may be paid under the terms of any mineral lease for a period of ten years" clearly show that the limitation period of ten years relates only to the reservations of the bonuses and rentals. Thus, the intention of the parties from the language and punctuation used definitely means that the grantors first reserved a perpetual royalty with the exclusive right granted unto the grantees, their heirs and assigns, to execute any and all future mineral leases without the joinder of the grantors. Further, or in addition thereto, the grantors reserved the right to have paid to them one-half of any bonuses or rentals for the limited period of ten yeas. This latter reservation has terminated by the express terms of the deed.

4  We agree with respondents that the exception or reservation of the royalty is plain and unambiguous, but we cannot agree that "one-half of one-eighth of the oil, gas and other mineral royalty" means that the grantors reserved unto themselves one-half of one-eighth royalty. We think the reservation plainly disclosed that the parties intended to reserve and except from the conveyance 1/16 of the oil, gas and other mineral royalty produced from the land described in the deed. The reservation is susceptible of but one interpretation. Since the reservation is plain and unambiguous, we hold as a matter of law that the term "one-half of one-eighth of the oil, gas and other mineral royalty" could have but one meaning and that is 1/16th of the royalty on all the oil, gas and other minerals that may be produced from said land.

The judgment of the Court of Civil Appeals is modified to the extent that respondents are awarded judgment for 1/16th of the royalty on all oil, gas and other minerals produced or to be produced from said land, and, as modified, said judgment is affirmed.

Opinion delivered May 25, 1955.

Rehearing overruled June 22, 1955.