**Levoy MUSICK, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

No. 7526.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 22, 1963.

Rehearing Denied Nov. 19, 1963.

C. C. Devine, Houston, for appellant.

Liddell, Austin, Dawson & Sapp, W. Robert Brown, L. M. Lesh, Houston, for appellee.

DAVIS, Justice.

A summary judgment. Appellee sued appellant on a time sales contract and mortgage as the result of the purchase of a 1962 Pontiac Station Wagon from Frizzel Pontiac, Inc., of Houston, Texas. The original total time price of the contract and mortgage was $5,703.80. The time (Deferred) balance was $4,771.80. Appellee alleged that there was $4,374.15 still due on the contract and mortgage. There was attached to the original petition as Exhibit A a copy of the contract and mortgage, no credits being shown of any payments having been made. The appellant filed special exceptions, wherein he alleged that the appellee did not take into consideration the legal obligation Frizzel Pontiac, Inc., owed to the defendant on the "Dealer's Warranty". Appellant further alleged an expressed or implied warranty by way of special exceptions. Then he answered by a general denial. At the close of the Answer he inserted the following: "Cross-Action . . . To-Follow". Appellee then filed a motion for summary judgment, wherein it set out that the appellee had filed a general denial. The motion was not sworn to, nor was a copy of the contract and mortgage attached. Appellant answered the motion for summary judgment, wherein he set up the "New Car Warranty", and alleged that the auto-

mobile was defective in its motor, electrical system and transmission. The answer was verified.

In the contract the seller reserves title to the station wagon. There are several other reservations in the "Provisions" attached to the contract and mortgage that were made a part of the same. The "provisions" of the contract and mortgage contain the following warranty:

"8. No warranties, express or implied, and no representations, promises or statements have been made by seller unless endorsed hereon in writing, except that, *if the property covered by this contract is a new motor vehicle, seller hereby adopts the warranty against defective materials of workmanship as set forth in manufacturer's current warranty applying to such new motor vehicle.*" (Emphasis added.)

The trial court granted the summary judgment. Appellant has perfected his appeal and brings forward two points of error whereby he set up the trial court committed error in granting the summary judgment because fact issues were raised, and is contrary to the law and the Rules of Civil Procedure.

There was no evidence actually plead by the appellee, and no evidence actually offered that would prove its cause of action. The trial court granted a judgment for $4,022.80, plus 6% interest from August 6, 1962, until paid. He did not render judgment for an attorneys' fee. No credits being shown on the contract and mortgage, the contract and mortgage containing a warranty applying to new motor vehicles, and the contract and mortgage having been assigned and delivered to the appellee, the general denial and the sworn denial to the motion for summary judgment setting up the warranty, created issues of fact. See the dissenting opinion of Chief Justice Calvert of the Texas Supreme Court in Southwestern Fire & Casualty Co. v. Larue at 367 S.W.2d 164, 37a T.J. p. 292, Chapter 11, Conditions, Representations and Warranties.

There is in this case a sworn denial in addition to the general denial. Such was not the case in Southwestern Fire & Casualty Co. v. Larue, Tex., 367 S.W.2d 162. Our Summary Judgment Rules are harsh indeed, and they must be construed carefully.

The points of error are sustained. The judgment of the trial court is reversed and the cause is remanded.