GENERAL MOTORS ACCEPTANCE COR-
PORATION, Petitioner,

v.

Levoy MUSICK, Respondent.

No. A–9922.

Supreme Court of Texas.

May 13, 1964.

Liddell, Austin, Dawson & Sapp, W. Robert Brown, with above firm, Houston, for petitioner.

C. C. Divine, Houston, for respondent.

NORVELL, Justice.

The trial court sustained petitioner's motion for summary judgment. The Court of Civil Appeals reversed.[1] We sustain peti-

1. Opinion reported 372 S.W.2d 767.

tioner's second point contained in its application for writ of error which asserts that:

"The Court of Civil Appeals erred in reversing and remanding because respondent's general denial and affidavit in answer to petitioner's motion for summary judgment, even if considered, did not create any issues of fact as between respondent and petitioner."

Accordingly the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court affirmed.

General Motors Acceptance Corporation filed suit against Levoy Musick seeking a recovery of $4,374.15, plus interest and attorney's fees, because of Musick's failure to meet the payments prescribed in a time sales contract dated March 21, 1962 between Frizzell Pontiac, Inc. as seller and Levoy Musick as buyer covering a 1962 Pontiac Station wagon. The performance of the sales contract was secured by a chattel mortgage covering the station wagon. Both the sales contract and the chattel mortgage were assigned by Frizzell Pontiac, Inc. to the plaintiff-petitioner, General Motors Acceptance Corporation. A sworn copy of the conditional sales contract was attached to the petition. This contract provided that the "seller reserved title and shall have a security interest in said property until said obligation is fully paid in cash." This instrument constituted a chattel mortgage under Article 5489, Vernon's Ann.Tex.Stats.

On December 3, 1962, Musick filed what he called an original answer and cross-action. This instrument consisted of two special exceptions and a general denial followed by this cryptic notation: "Cross-action * * * to follow." The instrument contained no allegations which could possibly form the basis for a cross-action. It did not contain a plea of non est factum, failure of consideration or anything of that nature, nor was it sworn to.

On December 27, 1962 General Motors Acceptance Corporation moved for sum-

mary judgment. It adopted the conditional sales contract as a part of the motion and pointed out that the answer of Musick consisted of "an unverified pleading in the nature of a general denial."

The motion was set for hearing on January 14, 1963 and on that day,—one day late under the provisions of Rule 166–A, (c), Texas Rules of Civil Procedure, Musick filed his affidavit and an instrument designated as an "Answer to plaintiff's motion for summary judgment." Despite this late filing, the trial judge evidently considered this instrument. This answer to the motion for summary judgment avers that the sales contract attached to plaintiff-petitioner's petition contained a provision (which it did ) that:

"No warranties, express or implied and no representations, promises or statements have been made by seller (Frizzell Pontiac, Inc.) unless endorsed hereon in writing, except that, if the property covered by this contract is a new motor vehicle, seller hereby adopts the warranty against defective materials or workmanship as set forth in manufacturer's current warranty applying to such motor vehicle."

■ The terms of the manufacturer's warranty are not set out. It is stated in Musick's affidavit that the Pontiac station wagon sold to him had "a defective motor, a defective electrical system and a defective transmission." It is stated that Frizzell Pontiac, Inc. had failed to remedy such defects but there is nothing to show what it would cost to procure a new motor, electric system or transmission, nor is it shown in dollars and cents how these defects would affect the market value of the station wagon. This affidavit even if given the effect of a formal pleading is insufficient as a matter of law to raise the defense of failure of consideration, or to assert a cross-action based upon a breach of warranty. The terms of the manufacturer's warranty assumed by Frizzell are nowhere disclosed and this is the only warranty men-

tioned in the record. Neither the manufacturer nor Frizzell are parties to this suit. General Motors Acceptance Corporation did not sell the automobile to Musick. In this connection, see Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908; J. B. Colt Co. v. Reeves, Tex.Civ.App., 266 S.W. 564, no wr.; Martin v. Auto Finance Co., Tex.Civ.App., 25 S.W.2d 919, no wr.

This case is one based upon a promise to pay contained in a written instrument, the execution of which was properly shown by affidavit. No defense to a recovery on this instrument is brought forward. In this state of the record the only judgment that could have been rendered was that which was rendered by the trial court. Southwestern Fire & Casualty Co. v. Larue, Tex.Sup., 367 S.W.2d 162 (1963).

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.