Jimmy LEWIS, Appellant,

v.

ADA EMPLOYEES CREDIT UNION, Appellee.

No. 14402.

Court of Civil Appeals of Texas.

Houston.

Oct. 22, 1964.

Rehearing Denied Nov. 19, 1964.

Harry Burns, Houston, for appellant.

Caldwell & Hurst, John H. Caldwell, Ernest C. Hurst, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment for the plaintiff in a suit on a promissory note.

Both parties filed motions for summary judgment. From appellant's sworn pleading and affidavit, it appears that on or about September 28, 1959, K. S. Adams, Jr., was the owner of the corporate stock of the Houston Headliners Club, which was the employer of appellant, Jimmy Lewis. Lewis was indebted to the Club in the sum of $1,000.00 and Adams agreed to advance him the further sum of $5,000.00, the total amount to be repaid by deductions from Lewis' monthly salary. Adams thereupon gave Lewis a check for $5,000.00 on the account of the Houston Headliners Club dated September 28, 1959. On or about November 15, 1959, at the request of Adams, Lewis went to see one of Adams' assistants "to sign some papers in connection with the $6,000.00 loan from Houston Headliners Club." Lewis signed certain legal instruments at the office of the Ada Employees Credit Union, including the note made the basis of this suit. The principal balance due at the time of the trial was $1,271.55.

Appellee filed, with its motion for summary judgment, the affidavit of its attorney to the effect that the statements, facts and matters contained in the original petition and motion for summary judgment of the plaintiff were, to his personal knowledge, true and correct. The pertinent facts therein contained were a description of the note, ownership thereof, the balance due and unpaid, the interest due, and the amount of attorney's fees provided in the note. Neither the affidavit nor the pleadings of appellee state that appellee paid any money to Lewis, Adams or the Houston Headliners Club as consideration for the note.

Appellant filed sworn pleas of no consideration, failure of consideration, and partial failure of consideration. In addition he filed with his motion for summary judgment his affidavit containing the following statement:

"3. Neither at the time of the signing of said note nor at any other time did I receive any money from plaintiff. I did not receive one cent or any other type of benefit from plaintiff for the signing of said note."

Sections 24 and 25 of Article 5933, Vernon's Ann.Tex.St., provide:

"Sec. 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.

"Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Appellant's sole point of error is that "The trial court erred in rendering summary judgment against Appellant because there was a complete want of consideration for the signing of the note in question by Appellant."

Appellant does not deny under oath any material element of appellee's cause of action as alleged in its petition. He has chosen to base his defense on certain affirmative defenses, and has restricted his attack on the judgment rendered to the "no consideration" point. The summary judgment was properly granted unless a material fact issue is raised by the undisputed testimony that appellant received no benefit from appellee as consideration for the note. The burden of proof on the issue of "no consideration" rested on appellant. By virtue of the quoted statute a detriment to appellee would

constitute adequate consideration. There is no testimony raising an issue of fact as to the existence of such consideration in this case. Appellant's affidavit and his sworn pleading are insufficient as a matter of law to raise the defense of no consideration because the facts stated therein taken as being correct would not require a judgment in his favor. General Motors Acceptance Corporation v. Musick, Tex.Sup., 379 S.W.2d 297; Mason v. Mid-Continent Supply Company, Tex.Civ.App., 374 S.W.2d 922, ref., n. r. e.; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, writ ref.; Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742, ref., n. r. e.

The judgment of the trial court is affirmed.