**CITY NATIONAL BANK IN WICHITA FALLS et al., Appellants,**

v.

**Mary BRADSHAW et al., Appellees.**

No. 16957.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1968.

Fillmore, Robinson, Lambert & Farabee, and Ray Farabee, Wichita Falls, for appellants.

Penix, McCracken & Andrews, and Ken Andrews and John Bradshaw, Graham, for appellees.

## OPINION

RENFRO, Justice.

Summary judgment for plaintiffs.

On appeal defendants contend a material issue of fact existed concerning mutual mistake in execution of a certain deed which would warrant reformation.

There were numerous parties, plaintiffs and defendants, in the suit. Some were eliminated by judgment, some by severance.

For simplicity the remaining parties will be referred to as plaintiffs and defendants. Plaintiffs, appellees, are the heirs of D. L. Wolf. Defendants, appellants, are successors to royalty interest reserved by J. T. Harrell in a warranty deed executed by Harrell to Wolf on July 5, 1935.

In said deed Harrell reserved "unto himself one-fourth (¼) of one-eighth (⅛) of the oil and gas royalty in and under the above described tract of land."

On September 8, 1967, plaintiffs filed their third amended petition, requesting the court to decree that plaintiffs were owners of seven-eighths (⅞) of the one-fourth (¼) royalty interest on the oil and gas produced from the land. A copy of the Harrell to Wolf deed was attached.

Defendants answered: "the day and date upon which J. T. Harrell executed the Deed conveying the property in question to D. L. Wolf, that it was the intention and understanding of all the parties to such deed, that J. T. Harrell was retaining one-fourth of the royalty interest * * *," and prayed that the Harrell deed be "re-formed to carry out the purpose and intent of the parties to such instrument and to correct the mutual mistake and inadvert-ence made by the parties in such instru-ment."

Plaintiffs filed motion for summary judgment on the ground the pleadings and affidavits on file showed there was no genuine issue as to any material fact and plaintiffs were entitled to judgment as a matter of law. Supporting affidavit by Mrs. B. C. Andrews stated that she and other named plaintiffs were heirs of D. L. Wolf and current owners of the minerals deeded by Harrell to Wolf.

Defendants filed answer to plaintiffs' motion for summary judgment on the day of, but prior to, the hearing on the motion.

Plaintiffs contend the answer was filed too late to be considered. Rule 166–A (c), Texas Rules of Civil Procedure.

Plaintiffs did not object to the filing of the answer and did not request a continu-ance or additional time, and filed no ex-ceptions to the answer.

The answer of defendants to the motion for summary judgment, sworn to by de-fendants' attorney, reasserted mistake in the execution of the deed, attached copy of deed to answer and attached copies of Di-vision Orders executed by Wolf in 1949 and 1950, which defendants contend show that Wolf acknowledged owning only ¾ths of ⅛th royalty with defendants being suc-cessors to a portion of the remaining ¼th of ⅛th royalty interest.

Judgment was entered for plaintiffs on February 8, 1968.

The transcript shows, under ORDERS OF COURT, an order which reads in part: "THIS DAY, in open Court, it was stipulated by and between the attorneys of all parties hereto, that for the purpose of the consideration of the Motion for Sum-mary Judgment * * * the signatures of D. L. Wolf, appearing on Division Orders attached to the Answer for the Summary Judgment of the Defendant, is the genuine signature of D. L. Wolf, and the copies of the Division Order (for summary judg-ment purposes) * * * are stipulated to be true and correct copies of the Division Orders * * *." The stipulation order shows it was signed by the trial judge on January 4, 1968, the date of hearing, and being thirty-four days prior to entry of the judgment.

█ Plaintiffs filed their brief in this court on August 21, 1968. No mention was made of the stipulations. On Septem-ber 27, plaintiffs filed motion, accompanied by affidavits of plaintiffs' attorneys, to strike the stipulations on the ground the stipulations were never made. In view of the circumstances, we are bound by the record, and must consider the stipulations as admissions being of record on the day of the hearing. Plaintiffs' motion to strike the stipulations is overruled.

█ Absent pleadings of valid affirma-tive defense and admissible evidence in support thereof, plaintiffs would be enti-tled to judgment for the interest claimed. Harriss v. Ritter, 154 Tex. 474, 279 S.W.2d 845 (1955).

█ The defendants, having plead mu-tual mistake, were entitled to defeat plain-tiffs' motion for summary judgment if they properly placed in evidence facts suf-ficient to present a material disputed ques-tion to the court.

Hence, the decision of this case rests upon the questions: (1) Was the answer of defendants to the motion of plaintiffs

filed in proper time to be considered by the court?, and, if so, (2) were the pleadings of defendants and the Division Orders sufficient to present a material disputed question of fact as to mutual mistake?

Although Rule 166–A provides the adverse party *may* serve opposing affidavits *prior to the day* of hearing, it has been held that opposing affidavits must be served prior to the day set for hearing. Lawyers Surety Corp. v. Investors Mut. of Nueces, Inc., 353 S.W.2d 882 (Tex.Civ. App., 1962, rev., n. r. e.); Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App., 1965, no writ hist.). There were other grounds in both above cases on which the courts of civil appeals could and did affirm the trial court's judgments.

In General Motors Acceptance Corporation v. Musick, 379 S.W.2d 297 (Tex.Sup., 1964), the Supreme Court stated: "The motion was set for hearing on January 14, 1963 and on that day,—one day late under the provisions of Rule 166–A, (c), Texas Rules of Civil Procedure, Musick filed his affidavit and an instrument designated as an 'Answer to plaintiff's motion for summary judgment.'" The Court noted, however, that the late filed instrument was considered by the trial judge. The Supreme Court also considered the instrument.

■■■ With due respect to the opinions to the contrary, we think the provision in (c), Rule 166–A, T. R. C. P., reading, " * * * prior to the day of hearing" is directory only. When reply affidavits or answers are filed with permission of the court on the day of hearing, if they appear sufficient to create issues of disputed material fact, the trial court may consider them and grant movant, if request is made, a reasonable postponement. King v. Rubinsky, 241 S.W.2d 220 (Tex.Civ.App., 1951, no writ hist.). While not on this particular point, the reasoning in Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ.App., 1965, no writ hist.), is applicable to the instant case.

See also McDonald, 1967 Cumulative Supp., Texas Civil Practice, pp. 53–4, § 17.26.3.

■■ While good practice requires that the answer and affidavits be filed prior to the day of hearing, a trial court's action in allowing or disallowing filings on the day of the hearing should not be disturbed except for abuse of discretion.

■■ Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, the movant is entitled to summary judgment if he demonstrates that there is no material disputed factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. McDonald, Texas Civil Practice, 1967 Cumulative Supp., pp. 39–40, § 17.26.1, and authorities cited therein.

Assuming the defendants' answer to the motion for summary judgment, the division orders and the stipulations heretofore mentioned were properly before and considered by the court, and resolving all reasonable doubt against plaintiffs, still the only evidence, if evidence it be, of mistake was the division orders.

The defendants do not claim they could produce more evidence for a trial on the merits. They candidly state it is impossible to produce affidavits of people with personal knowledge. They rely solely on their pleaded affirmative defense, the Harrell deed, and the Wolf executed division orders. Neither the deed, the answer of defendants nor the stipulations state facts which would be evidence of mutual mistake.

■■ The execution of a division order and acceptance of payment under it operate as a ratification of the lease referred to in the order. Texas & Pacific Coal & Oil Co. v. Kirtley, 288 S.W. 619 (Tex.Civ. App., 1926, ref.). Division orders do not amount to a conveyance of any royalty interest.

The Harrell deed conveyed 1070 acres to Wolf. The division orders apply to tracts of 23.3, 20 and 20 acres respectively, all of which we assume were in the 1070 acre tract.

The division orders do not refer to the warranty deed under which Wolf received whatever royalty he owned and which was executed and delivered many years before the execution of the division orders.

The seventh paragraphs of the division orders provide: "All parties hereto who are connected with the operation of the lease covering the land above described warrant that all oil tendered hereunder has been or will be produced in accordance with * * * laws * * *." We find no other reference in the record regarding a lease. Date, names of lessor-lessee or terms of any lease are not shown.

We hold that the division orders, standing alone, unexplained, without proper predicate, no tie-in connection with the deed nor a designated lease, nor explanatory circumstances surrounding their execution, were not evidence, or at the most a mere scintilla of evidence, of mutual mistake in the execution of the 1935 warranty deed.

Since defendants failed to come forward with sufficient showing that a disputed fact issue existed as to defendants' affirmative defense of mutual mistake, summary judgment for plaintiffs was proper.

Affirmed.