

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00042-CV

Nancy **WEBB**, Peggy Whipple, and Sharon Bramblett,
Appellants

v.

Arturo **MARTINEZ** Jr.,
Appellee

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 13-08-00186-CVL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  December 14, 2016

AFFIRMED

Appellants Nancy Webb, Peggy Whipple, and Sharon Bramblett appeal the trial court's take-nothing summary judgment on their declaratory-judgment claim and alternative quiet-title and deed-reformation claims. We affirm the trial court's judgment.

### BACKGROUND

This appeal arises from a property dispute. In 1998, appellants owned the entire surface estate of the subject property and 75% of the mineral estate. And at that time, a third party owned the remaining 25% interest in the mineral estate. Appellants and Martinez executed a contract of

sale in which appellants agreed to sell the entire property to Martinez. Following the property description in the contract of sale is a reservation of appellants' 75% interest in the mineral estate.

Webb signed the 1998 deed on her own behalf and as attorney-in-fact for Bramblett. Whipple also signed the deed. Webb did not hire an attorney to review the deed before she signed it. The deed conveyed the entire subject property, but reserved appellants' mineral interest as follows:

> SAVE AND EXCEPT and there is hereby reserved unto the [appellants], [their] heirs and assigns, 75% of all of the oil, gas, and other minerals presently owned by [appellants], in and under and that may be produced from the herein described property.

The deed's conveyance was also "subject to . . . reservations of record." The parties dispute whether the deed reserved only 75% of appellants' 75% interest in the mineral estate instead of 100% of their 75% interest.

This dispute arose after appellants executed an oil and gas lease with Chesapeake Exploration LLC in 2010. Chesapeake informed Martinez he might have an interest in the mineral estate and in 2013, Chesapeake withheld a portion of the amount appellants believed was owed to them under the lease. To determine their interest in the mineral estate, appellants sued Martinez in 2013, alleging the reservation clause contained a scrivener's error and the parties were mutually mistaken about the wording of the reservation. Appellants alleged the deed "should have said 75 percent of all oil and gas and other minerals on the tract or 100 percent of all oil and gas or other minerals *presently owned*." They sought a reformation of the deed and a judgment quieting title in them.

After Martinez alleged appellants' claims were time-barred, appellants amended their petition. Their amended petition alleged the deed unambiguously reserved 100% of their 75% interest and, alternatively, the deed is ambiguous. Appellants requested declaratory relief and,

alternatively, reformation of the deed and a judgment quieting title in them. Martinez moved for summary judgment raising no-evidence and traditional grounds regarding appellants' claims, arguing he is entitled to judgment as a matter of law and appellants' claims are time-barred. The trial court rendered a take-noting summary judgment, and appellants now appeal.

## STANDARD OF REVIEW

"We review a summary judgment de novo." *City of San Antonio v. San Antonio Express-News*, 47 S.W.3d 556, 561 (Tex. App.—San Antonio 2000, pet. denied). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). "When a party moves for a no-evidence summary judgment, the nonmovant must produce some evidence raising a genuine issue of material fact." *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.) (citing Tex. R. Civ. P. 166a(i)).

## APPELLANTS' CLAIM FOR DECLARATORY RELIEF

Appellants argue the trial court erred by rendering a take-nothing summary judgment on their claim for declaratory relief because the 1998 deed unambiguously reserves 100% of their 75% interest and, alternatively, the reservation clause in the 1998 deed is ambiguous as to the percentage of their reserved interest. They contend the phrases "subject to . . . reservations of record" and "in and under and that may be produced from the herein described property" clarify the reservation is 100% of their 75% interest. Martinez argues the deed unambiguously reserves only 75% of the 75% interest appellants' owned in 1998.

When, as in this case, the parties dispute the proper construction of a deed, our primary duty is to ascertain the parties' intent "from all of the language in the 'four corners' of the deed." *Kardell v. Acker*, 492 S.W.3d 837, 842 (Tex. App.—San Antonio 2016, no pet.). "We discern a

grantor's intent from the plain language of the deed without reference to technicalities or arbitrary rules." *W. 17th Res., LLC v. Pawelek*, 482 S.W.3d 690, 695 (Tex. App.—San Antonio 2015, pet. denied). "When courts construe deeds, there is a presumption favoring grantees over the grantor. We construe deeds to confer upon the grantee the greatest estate that the terms of the instrument will permit . . . ." *Id.* (internal citation and quotation marks omitted). Parol evidence is inadmissible to vary the terms of an unambiguous reservation in a deed. *Harriss v. Ritter*, 154 Tex. 474, 279 S.W.2d 845, 846 (1955).

The 1998 deed conveyed all of the subject property except the interest described in the reservation clause. That clause reserved "75% of all of the oil, gas, and other minerals presently owned by [appellants], in and under and that may be produced from the herein described property." The phrase "in and under and that may be produced from the herein described property" describes the location of the mineral estate by reference to the description of the surface estate. *See King v. First Nat. Bank of Wichita Falls*, 144 Tex. 583, 192 S.W.2d 260, 262 (1946). According to appellants, the reservations of record to which the conveyance was subject, included their 75% interest and the third-party's 25% interest. This establishes the "oil, gas, and other minerals presently owned" by appellants when the deed was executed was a 75% interest.[1] The plain language of the 1998 deed unambiguously reserves 75% of that interest. *See W. 17th Res., LLC*, 482 S.W.3d at 695. The reservation clause therefore unambiguously reserves 75% of appellants' 75% interest.

Because the reservation clause is unambiguous, we may not look outside the four corners of the deed to vary the terms of the reservation clause. *See Harriss*, 279 S.W.2d at 846; *Kardell*,

---

[1] The other reservation to which the conveyance was subject was the third-party's 25% interest in the mineral estate.

492 S.W.3d at 842. We hold Martinez demonstrated he is entitled to judgment as a matter of law on appellants' claim for declaratory relief.

### QUIET-TITLE & DEED-REFORMATION CLAIMS

Appellants' alternative quiet-title and deed-reformation claims are based on an alleged mutual mistake of the parties. Appellants argue the contract of sale and other evidence shows they intended to reserve 100% of their 75% interest in the mineral estate. Regarding these claims, Martinez moved for traditional summary judgment raising the statute of limitations as an affirmative defense. "[A] defendant moving for summary judgment based on limitations must prove as a matter of law: (1) the date on which the limitations period commenced, i.e., when the cause of action accrued, and (2) that the plaintiff[s] filed [their] petition outside the applicable limitations period." *In re Estate of Denman*, 362 S.W.3d 134, 144 (Tex. App.—San Antonio 2011, orig. proceeding).

Quiet-title and deed-reformation claims are subject to a four-year statute of limitations. *Cosgrove v. Cade*, 468 S.W.3d 32, 35 (Tex. 2015) (deed reformation); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied) (quiet title). A cause of action for a quiet-title claim accrues upon the execution of a facially valid instrument "purport[ing] to convey any interest in or make any charge upon the land of a true owner." *In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 26 (Tex. App.—Waco 2002, orig. proceeding). A cause of action for a deed-reformation claim based on mutual mistake accrues when the mistake first becomes apparent to the parties. *Cosgrove*, 468 S.W.3d at 36. The discovery rule does not apply to a cause of action supporting such claims because the parties executing a deed have notice of the mistake. *See id.*

Because appellants' claims are based on their execution of a facially valid deed, appellants' causes of action accrued when they executed the deed. *See id.*; *Stroud Oil Props.*, 110 S.W.3d at 26. The deed was executed on October 8, 1998. Consequently, appellants' cause of action accrued

and the limitations period commenced on that day. *See Cosgrove*, 468 S.W.3d at 34; *Stroud Oil Props.*, 110 S.W.3d at 26. The record establishes appellants filed their original petition on August 5, 2013. Because August 5, 2013, is more than four years after October 8, 1998, appellants filed their petition outside the applicable limitations period. We hold Martinez demonstrated his entitlement to judgment as a matter of law on the appellants' quiet-title and deed-reformation claims. *See Estate of Denman*, 362 S.W.3d at 144.

## CONCLUSION

Because the trial court properly rendered a take-nothing judgment on appellants' claims, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice