Mrs. Audrey J. **TAYLOR** et al., Appellants,

v.

Mrs. Antoine **GUILLORY** et al., Appellees.

No. 15443.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 13, 1969.

M. W. Plummer, Houston, for appellants.

Barbara C. Jordan, Houston, for appellees.

PEDEN, Justice.

This is a trespass to try title case. Plaintiffs have appealed from a judgment entered in favor of defendants after a non-jury trial. The record on appeal consists of a transcript and a statement of facts, and there is nothing in the record to indicate that appellants requested findings of fact or conclusions of law or that the trial court made any. The petition of plaintiffs-appellants was framed in the manner specified by Rule 783, Texas Rules of Civil Procedure.

Defendants' answer consisted of a plea of not guilty, a general denial, a plea of the ten-year statute of limitations and a claim for an allowance for improvements. The parties stipulated that they had a common source of title to the property in question: a deed dated July 19, 1944 from the Perkins Development Co., Inc. to the Trustees of the Church of God in Christ.

Plaintiffs offered in evidence as Plaintiffs' Exhibit 2 a deed purportedly executed by the Trustees to W. H. Jefferson, Sr. and undisputed evidence that plaintiffs were his heirs. Defendants, who are appellees here, offered evidence to rebut appellants' claim by introducing testimony that those who executed such deed lacked authority to do so.

The statement of facts reflects that a number of instruments were offered and admitted in evidence, but neither the original exhibits nor copies of them appear in the record, with two exceptions. There appears in the transcript a "Notice of filing of certified instruments to be used in evidence by plaintiffs," and attached to it is a certified copy of a typewritten deed. It is marked "PX–2" in handwriting at its top, and we will consider that it is plaintiffs' exhibit number 2. It begins:

"State of Texas
County of Harris

Know all men by these presents:
"That the trustees of the Church of God in Christ, domiciled in the City of Houston, Harris County, Texas, acting herein by and through their duly authorized officers hereinafter called Grantor, for and in consideration of the sum of One Hundred fifty and No/100 ($150.00) Dollars, cash in hand paid by W. H. Jefferson Sr of Harris County, Texas, hereinafter called Grantee, the receipt of which is hereby acknowledged have GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY, unto the said W. H. Jefferson, subject to all the reservations, covenants, restrictions and limitations hereinafter set out, all that certain parcel of land situated in the Harris and Wilson Two League Grant in Harris County, Texas, and particularly described as follows, to-wit:"

(There then follows a description of the property in controversy, a reservation of a 1/16th royalty interest in the minerals, a recital of certain restrictions, and the following:)

"TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee, its heirs and assigns forever. And Grantor does hereby bind itself, its successors and assigns, to Warrant and Forever Defend, all and singular the said premises unto the said Grantee its heirs and assigns against every person whomsoever lawfully or to claim the same or any part thereof.

"Executed this the 31st day of March, A.D. 1958."

/s/ Mrs. Olivia Broussard
/s/ Mrs. Maurine Diggs
/s/ William H. Jefferson Jr.

The signatures do not reflect that the three persons whose names were subscribed to the instrument had executed it as trustees or as officers of the trustees, nor does the acknowledgment reflect that they executed it in any particular capacity.

There also appears in the transcript an instrument marked "PX–3" and we will consider that it is the appellant's third exhibit. It is appellees' abstract, filed in response to appellants' demand. It was offered in evidence by appellants for the limited purpose of showing the manner in which appellees claimed title. The abstract described 1) the deed which the parties have stipulated to provide their common source of title, 2) a resolution dated April 5, 1958 of members of the Church of God in Christ changing its name to the Non-Denominational Temple and conveying the premises in question to that Temple. The abstract also contains references to other instruments not involved in this appeal and an assertion of continuous, open and notorious possession of the premises in question from July 19, 1944 to date (September ——, 1967).

Defendants-appellees introduced testimony that the three persons who executed the deed introduced as plaintiffs' exhibit 2 were a son and two nieces of the grantee, that they were neither trustees nor even members of the church at the time the deed was signed, that other named persons were then the trustees and that those who executed the deed had no authority to do so; appellants offered no evidence to dispute any of this testimony. Appellees testified that they had been in possession of the property for more than ten years, using it as a church.

Appellants' points of error are:

1. The trial court erred in failing to find appellants had established a prima facie case.

2. The court erred in overruling appellants' objection to evidence on authority and/or capacity of trustees to execute a deed.

3. The case should be reversed because the court admitted evidence which raised affirmative issues.

4. The court erred in finding the deed from the trustees to W. H. Jefferson was invalid because there was no evidence, or insufficient evidence, to show that the grantors in the deed were not trustees.

■■■ In the absence of a showing that findings of fact and conclusions of law were requested of or filed by the trial judge, we must presume that all necessary facts were found in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1951).

■ We overrule appellants' first point. The deed which was identified as plaintiffs' exhibit 2 is an indispensable link in their chain of title, and we presume that the trial court found that those who executed it as grantors lacked authority to act for the trustees or to act as trustees for the church. In view of such presumed finding, it is well settled that appellants were not entitled to recover the land. 56 Tex.Jur.2d 125–6 and 142, Trespass to Try Title, § 35 and § 42.

■ The recital in the deed, that those who executed it were duly authorized officers of the trustees and acting for them, was not conclusive but was rebuttable. Collier v. Ford, 81 S.W.2d 821 (Galveston Tex.Civ.App.1935, writ dism.). Such recital constitutes the only evidence that they had any authority to convey the subject property. How or when they were selected was not shown, nor was any proof offered as to written rules of the church governing selection of the trustees. Appellees' testimony showed that the method of selecting trustees was by election by the members and

that the persons who executed plaintiffs' exhibit 2 had not been so elected.

Even if appellants be considered to have made a prima facie showing of superior title at the time they completed their offer of evidence, that introduced by appellees later rebutted it.

 We overrule appellants' second and third points, which they combined for presentation of argument in their brief. When a cause has been tried before a judge, sitting without a jury, it is presumed on appeal that he disregarded all evidence that might have been improperly received and did not consider it in arriving at the judgment. Gordon v. Pledger, 271 S.W.2d 344 (Galveston Tex.Civ.App.1954, writ ref., n. r. e.). But in this case the evidence complained about was admissible under appellees' pleadings. A general denial supports the offer of proof which will defeat the plaintiffs by negativing an element of their recovery. Brinkley v. Brinkley, 381 S.W.2d 725 (Houston Tex.Civ.App.1964, no writ) and cases there cited. And Rule 789, T.R.C.P., specifically states that under a plea of not guilty the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially pleaded. Specifically, under their plea of not guilty the defendants were entitled to introduce evidence to prove that the title claimed by the plaintiffs was invalid, as pointed out in 56 Tex.Jur.2d 141, Trespass to Try Title, § 42, because executed by trustees without authority. Collier v. Ford, supra.

Appellants also assert that appellees' pleadings do not support their attack on the deed in question because this attack constitutes an effort to lay a predicate for equitable or affirmative relief; we cannot agree with that assertion. Nor do appellees' pleadings of the ten-year statute of limitations and of a claim for improvements serve to restrict the admissibility of their evidence rebutting the appellants' claim. Even though a defendant, in addition to a not guilty plea, specially pleads his title or other matters which could have been put in issue by the not guilty plea, the plaintiff still has the burden of proving his case and the defendant is still permitted to introduce evidence rebutting the plaintiff's claim. 2 McDonald, Texas Civil Practice 654, § 7.24.

We also overrule appellants' last point. We have carefully considered all the evidence in support of the trial court's presumed finding that the deed in evidence failed to convey valid title to W. H. Jefferson, Sr., and we conclude that the evidence was sufficient to support this finding.

The judgment of the Trial Court is affirmed.