**Walter L. O'NEIL et al., Appellants,**

v.

**Grace Irene POWELL et al., Appellees.**

**No. 17240.**

Court of Civil Appeals of Texas,
Fort Worth.

June 25, 1971.

Rehearing Denied Sept. 24, 1971.

Eastland & Fly, Inc., Hillsboro, Small, Herring, Craig & Werkenthin, and C. C. Small, Jr., Austin, for appellants.

Carl E. Mason, Waco, and Nat J. Harben, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

This suit was initiated by the buyers, Walter O'Neil, Austin O'Neil, Jr. and Ted O'Neil, appellants, against the sellers, Grace Irene Powell and Patti Powell Phillips, appellees, for the specific performance of a contract for the sale of real property and alternatively for the breach of such contract.

Except for the formal parts the contract here involved reads as follows:

"This Contract of Sale, made and entered into on this the 23rd day of April, 1968, by and between Mrs. Grace Powell and Patti Powell Phillips, both of Tarrant County, Texas, as Seller, and Austin O'Neil, Jr., of Hale County, Texas, Ted O'Neil of Hill County, Texas, and Walter O'Neil of Tarrant County, Texas as Buyer. WITNES-SETH:

"That for the consideration herein mentioned the Seller agrees to sell and convey

unto the Buyer by a good and sufficient Warranty Deed the following described land, to-wit:

"Section #2 is composed of 600 acres more or less and is known as Section No. 2 C.C.S.D. & R.G. N.R.R. Certificate No. 65 on the Brazos River, about 18 miles N. 80 W. of Hillsboro, from The State of Texas, to W. G. Powell, Assignee of J. F. Benson, by Patent No. 390, Vol. 20, Abstract No. 1132. Included in this conveyance is three-fourths (¾) of the mineral and leasing rights presently owned by Seller.

"The consideration agreed to be paid for said land, and at which it is agreed to be sold is the sum of Ninety-five dollars ($95.-00) per acre.

"The 1967 and all prior taxes are to be paid by the Seller. The 1968 taxes shall be prorated. The Seller shall furnish a Title Policy or Abstract for the land to be conveyed under this agreement.

"It is called to the Seller's attention, that the Buyer, being Texas veterans, propose to use a loan that will be granted by the General Land Board, in a combined amount of $30,000 toward the purchase of the above described land. Thus, the land shall be surveyed and marked by a licensed surveyor, the cost of said survey shall be at the Seller's expense. Furthermore, at no expense to the Seller, the land must be appraised by an authorized Appraiser of the General Land Board, prior to loan approval.

"The Seller agrees to finance the balance of payment above $37,500.00 over a period of twenty (20) years at five and one-half percent (5½%) per annum. The first payment on the balance of payment shall be due one year after purchase and payments shall be made each subsequent year thereafter until full payment is satisfied. It is further understood that the land to be conveyed must appraise for as much as eighty-five dollars ($85.00) per acre, or this contract becomes null and void.

"The Buyer agrees to put in escrow with a copy of this contract in the Ridglea State Bank of Fort Worth, Texas, the sum of $1,000 as earnest money to guarantee faithful performance of this contract and should they fail or refuse to perform for any reason, except as stated in the preceeding paragraph, or a defect in title, or disapproval of the purchase by the General Land Board, then said money shall be turned over to Seller as liquidated damages for said breach. The Buyer may use said escrow money as part of his cash requirements for the purposes of closing the purchase of the land described herein. The Ridglea State Bank shall not be held liable for its reasonable interpretation of this contract, and its compliance therewith. In consideration of the earnest money, the Buyer shall have the right to sue for specific performance.

"This contract is executed in triplicate at Arlington, Texas, each having the force and effect of an original on the day first above written."

The trial court rendered judgment denying appellants' motion for summary judgment and granted appellees' motion for summary judgment directing that appellants take nothing by their suit.

The judgment of the court above described contained the following recitations:

" * * * the contract sued upon herein is deficient to the extent that it prevents its enforcement by specific performance for the reason that there is an uncertainty with respect to the provision for the payment of deferred payments in that the amount of the annual installments are not shown, nor is the method of calculating and paying the interest set forth, and it does not provide when the interest payments are to be made, and contains no provision with respect to securing the deferred payments, and the contract is further deficient in that it does not provide any time limit for closing the sale, and that the tender of performance eighteen months after the date of the contract was not within a reasonable time for performance.

"There is also a deficiency in parties to the contract and the proceeding."

This appeal from such judgment, based upon three points of error, asserts that the trial court erred (1) in holding as a matter of law that the contract for the sale of realty could not be enforced by a judgment for specific performance and (2) in denying specific performance of the contract since it had been substantially performed by both parties. By the third point it is contended the court erred in holding as a matter of law that appellants had no cause of action for damages for breach of the contract for the sale of realty.

We affirm.

■ An examination of the terms and provisions of the contract above set out will, standing alone, constitute adequate support for the trial court's findings of uncertainty with respect to the deferred payments. The contract does not specify the amount of the annual installments or the manner by which interest is to be calculated and paid. The contract is silent as to when and where such interest payments are to be made. It contains no provision with respect to security for the deferred payments.

We find and hold that a decision in this case is controlled by Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962). See also Goode v. Westside Developers, Inc., 258 S.W.2d 844 (Waco, Tex.Civ.App., 1953, ref., n. r. e.); Williams v. Manchester Building Supply Company, 213 Ga. 99, 97 S.E.2d 129 (1957). The latter case was cited with approval in the Bryant case.

In Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940 (1944) the Texas Supreme Court said:

"It is essential to the validity of a contract that it be sufficiently certain to define the nature and extent of its obligations. If an agreement is so indefinite as to make it impossible for a court to fix the legal liability of the parties thereto, it cannot constitute an enforcible contract."

See also Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945); Hume v. Bogle, 204 S.W. 673 (Austin, Tex.Civ.App., 1918, no writ hist.) and Nash v. Conatser, 410 S.W.2d 512 (Dallas, Tex.Civ.App., 1966, no writ hist.) and 52 Tex.Jur.2d, "Specific Performance," § 24, pages 545–546. See also § 72, p. 612 of same text. See also cases cited under these texts. Restatement, Contracts, Sec. 370.

Under the authorities above cited we are of the opinion that the contract in question is too indefinite and uncertain to authorize a judgment of specific performance.

■ The court correctly found that the contract in question did not provide a time limit for closing. In 52 Tex.Jur.2d 582, § 49, it is said that in cases where the contract does not fix the time that performance is due within a reasonable time to be determined by the circumstances of the case. All parties to a contract are required to do their part in satisfying and meeting the requirements of a contract. Under the facts of this case involving loans, surveys, etc., it is our opinion that a question of fact was presented as to whether performance was attempted or commenced within a reasonable time under the circumstances of the case. In view of our holding above that the contract is not specifically enforceable under the Bryant case the fact question as to performance time becomes moot. The same is true as to the court's finding of a deficiency in parties. In a similar case for specific performance this court holding that the Veterans' Land Board was a necessary and indispensable party said in Barnes v. Bryan, 363 S.W.2d 867 (Fort Worth, Tex. Civ.App., 1962, no writ hist.) :

"All parties are necessary to a proceeding in equity that may be directly or indirectly involved in order that full and complete relief may be accorded the plaintiff or to enable the defendant thereto to present his defense so as to secure the full benefit thereof in resisting the relief sought by the plaintiff. Montgomery v. Owen, Tex.Civ.App., 37 S.W.2d 1107, 32 Tex.Jur., p. 19, § 11." In view of our affirmance of the judgment of the trial court the deficien-

cy of parties becomes unimportant and is moot.

■ The appellants in their amended pleadings pray that warranty deeds be executed conveying the land covered by the contract to them and to the Veterans' Land Board. Further, the record reflects that the survey partitioned the land into four separate tracts. This is not explained but it would appear to call for four separate deeds. The contract in question requires only one deed. There is no requirement of a deed to the Veterans' Land Board or to the buyers individually. The appellees may not be compelled to execute deeds by specific performance of a contract which does not require such deeds.

■ It is also contended that Grace Irene Powell, as the independent executrix and trustee under the will of Guy E. Powell, has full power and authority to convey the land in question. This may be true, however, she signed the contract in her individual capacity and was sued herein in her individual capacity. She cannot be compelled to execute a deed in any other capacity. A deed signed by her in her individual capacity would not pass title.

"Equity will not do a vain and useless thing. Hence, specific performance will not be decreed where it appears that performance of the contract by the defendant is impossible. Accordingly, a decree will not be granted to compel a person to perform a contract to convey land that he does not own. This is true even though the want of title is due to the defendant's own act." 52 Tex.Jur.2d 610, § 71.

The trial court correctly held that as a matter of law the appellants had no cause of action for damages for breach of the contract. The pleadings with reference to damages will not support same. Further, the pleadings and supporting data as to damages were filed too late. Green v. Smart, 333 S.W.2d 880 (Dallas, Tex.Civ. App., 1960, no writ hist.) ; Oaxaca v. Lowman, 297 S.W.2d 729 (El Paso, Tex.Civ.

App., 1956, ref., n. r. e.) ; Rountree v. Bridwell, 269 S.W.2d 824 (San Antonio, Tex. Civ.App., 1954, ref., n. r. e.).

A review of the terms and provisions of the contract here involved clearly show that the contract is incomplete because many of the essential terms thereof had not been resolved by the parties to it and because of the lack of essential parties to the contract. There was no meeting of the minds of such parties on material matters. The agreement left such material matters open for future adjustment and agreement.

■ It is settled law that such a contract is not binding upon the parties to it and therefore it cannot be enforced. Gasperson v. Madill National Bank, 455 S.W.2d 381, 387 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.) and authorities cited.

While mindful of the concurring opinion of Justice Greenhill in Wheeler v. White, 398 S.W.2d 93, 98 (Tex.Sup., 1965) regarding damages in such cases as this we are of the opinion and hold that the contract in this case is not sufficiently definite to be either specifically enforced or to support an action for damages.

All points of error are overruled and the judgment of the trial court is affirmed.