

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00668-CV

**WEST 17TH RESOURCES, LLC**, Pamela Mika Wolf, and Thomas Mika,
Appellants

v.

Lucian A. **PAWELEK** and Carleen J. Pawelek,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 13-04-00087-CVK
Honorable Donna S. Rayes, Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　　Rebeca C. Martinez, Justice
　　　　　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　December 23, 2015

AFFIRMED

West 17th Resources, LLC, Thomas Mika, and Pamela Mika Wolf appeal the trial court's

summary judgment in favor of Lucian and Carleen Pawelek. In seventeen issues, Appellants argue

the Paweleks failed to establish superior title to an undivided 1/10 interest in real property that

Appellants claim as theirs in a suit for trespass to try title. We affirm the trial court's judgment.

## BACKGROUND

The subject property, a 290.69-acre tract in Karnes County, was wholly owned by several

members of the Mika family, excluding siblings Thomas Mika and Pamela Mika Wolf, prior to

1994. Irene Mika, Thomas and Pamela's mother, owned an undivided 1/6 interest individually and an undivided 1/10 interest as trustee in the 290.69-acre tract for her benefit during her lifetime. Irene held the 1/10 interest as trustee pursuant to her late husband's will. The will provided that upon Irene's death, the trust's 1/10 interest would vest in Thomas and Pamela in equal shares. The will, however, authorized Irene, "in her sole and absolute discretion," to disburse from the corpus of the trust estate anything she deemed necessary for her support, "even to the point of completely exhausting the [trust estate]."

In 1994, Irene, along with the other Mikas who owned the subject property, executed a deed granting, selling, and conveying the subject property to the Paweleks. According to the deed's granting clause, the Mikas:

> have GRANTED, SOLD and CONVEYED, subject to the hereinafter mentioned exception [relating to a utility easement], and by these presents do GRANT, SELL, and CONVEY, subject to the hereinafter mentioned exception, unto
>
> > LUCIAN A. PAWELEK
> > [address omitted]
> >
> > CARLEEN J. PAWELEK
> > [address omitted]
>
> all of the following described real property situated in Karnes County, Texas, including any right, title, and interest of Grantors, in and to highways, adjacent streets, alleys or rights-of-way, said real property being described as follows, to-wit:
>
> > Being 290.69 acres of land . . . .

The deed named Irene Mika as one of the grantors. But Irene simply signed her name without designating whether she was signing "individually" or "as trustee." The Paweleks took possession of the property in 1995. In 2009, the Paweleks leased the mineral rights to Murphy Exploration & Production Co. On February 23, 2012, the Paweleks' attorney sent Pamela a letter requesting that she sign a special warranty deed because Irene, who died in February 2003, did not explicitly sign

the 1994 deed "as trustee." In January 2013, Thomas and Pamela executed oil and gas leases with West 17th Resources covering and including their alleged shares of the 1/10 interest.

Three months later, Appellants filed suit against the Paweleks alleging a trespass to try title claim. The Paweleks answered and alleged numerous affirmative defenses and counterclaims. The parties filed traditional and no-evidence cross-motions for summary judgment on Appellants' trespass to try title claim and the Paweleks' affirmative defense of adverse possession. Thomas and Pamela argued the 1994 deed did not convey the trust's 1/10 interest because Irene did not explicitly sign "as trustee." The Paweleks argued that the deed, by its express terms, conveyed "all" of the subject property. Alternatively, the Paweleks argued the recitals in the deed estopped Appellants from positing that the deed did not convey "all" of the subject property ("estoppel by deed"). The Paweleks further argued that even if the 1994 deed did not convey the trust's 1/10 interest, they adversely possessed the 1/10 interest under the three-year, five-year, or ten-year statutes of limitations. The trial court granted the Paweleks' motion, denied Appellants' motion, severed appellees' counterclaims, and rendered a final judgment on Appellants' trespass to try title claim. Appellants' seventeen issues challenge each of the three alternative grounds for the Paweleks' motion for summary judgment.

## STANDARD OF REVIEW

A trial court shall grant a motion for summary judgment if the pleadings and evidence show "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX. R. CIV. P. 166a(c). We review de novo the grant or denial of a motion for summary judgment "to determine whether a party's right to prevail is established as a matter of law." *Lamar Corp. v. City of Longview*, 270 S.W.3d 609, 613 (Tex. App.—Texarkana 2008, no pet.). Where, as here, both parties file dispositive cross-motions for summary judgment, and the trial court grants one and overrules the other, we review

the summary judgment evidence presented by each party, determine all questions presented, and render judgment the trial court should have rendered. *Nash v. Beckett*, 365 S.W.3d 131, 136 (Tex. App.—Texarkana 2012, pet. denied).

## THE 1994 DEED

The first ground for the Paweleks' motion for summary judgment was that Irene transferred both her 1/6 individual interest and the trust's 1/10 interest when she, along with the other members of the Mika family, conveyed "all" of the subject property. Two of Appellants' seventeen issues challenge this basis for summary judgment. First, Appellants argue the trial court erred by concluding Irene conveyed the 1/10 interest held in trust, despite no disclosure of her capacity in the 1994 deed. Second, they argue the trial court erred by excluding from evidence a 1992 deed that Irene signed both individually and as trustee.

Appellants argue Texas law is "very clear" that when a grantor does not disclose her capacity "as trustee" on the deed, the deed does not convey any interest the grantor holds in trust. The authority upon which Appellants rely, however, fails to support that proposition. In *Taylor v. Guillory*, 439 S.W.2d 362 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ), plaintiffs in a trespass to try title suit sought to prove superior title under a deed executed by three individuals who the deed recited were duly authorized officers of the trustees and acting for them. *Id.* at 364. The defendants presented evidence at a bench trial that the three individuals were not trustees and had no relationship to the trust, and "[the plaintiffs] offered no evidence to dispute any of this testimony." *Id.* at 364. "The signatures [on the deed] do not reflect that the three persons whose names were subscribed to the instrument had executed it as trustees or as officers of the trustees, nor does the acknowledgment reflect that they executed it in any particular capacity." *Id.* at 364. The trial court rendered judgment in favor of the defendants and, on appeal, the plaintiffs argued there was insufficient evidence to "show that the grantors in the deed were not trustees." *Id.* at 364.

The court of appeals summarily overruled the issue based on its review of the evidence. *Id.* at 365. Although the purported trustee-grantors who signed the deed in *Taylor* failed to disclose their capacity "as trustees," *Taylor* does not hold that the failure to disclose the capacity is, alone, sufficient to resolve whether the deed actually conveyed title held by the trust. The *Taylor* court held the evidence, which included uncontested testimony that those who signed the deed lacked any authority to act as or for the trustees, supported the trial court's implied finding that the grantors lacked capacity to act as or for the trustees. *See id.* at 364-65.

Appellants also rely on *O'Neil v. Powell*, 470 S.W.2d 775, 776 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.). *O'Neil* concerned a suit brought by buyers of real property against the seller for specific performance of a contract for sale. The contract of sale required the seller to convey the property by general warranty deed. *Id.* at 776. The trial court denied relief on the grounds that several of the contract's terms were too uncertain and there was "a deficiency in parties to the contract and proceeding." *Id.* at 777. The court of appeals affirmed the trial court's denial of specific performance on the grounds the contract's terms were not sufficiently certain. *Id.* at 778. The court of appeals then noted, "In view of our affirmance of the judgment of the trial court, the deficiency of parties becomes unimportant and is moot." *Id.* at 778-79. The court then stated, "It is also contended that [the seller], as the . . . trustee under the will of Guy E. Powell, has full power and authority to convey the land in question. This may be true, however, she signed the contract in her individual capacity and was sued herein in her individual capacity. She cannot be compelled to execute a deed in any other capacity. A deed signed by her in her individual capacity would not pass title." *Id.* at 779.

The opinion in *O'Neil* does not state whether the seller expressly signed in her individual capacity or failed to disclose her capacity when signing the contract. Thus, it is unclear whether the court's conclusion that the seller "signed the contract in her individual capacity" was based on

the seller's failure to state her capacity. Furthermore, the issue relating to the deficiency of the parties was, as the court of appeals noted, "unimportant and . . . moot." *See id.* To the extent *O'Neil* can be read as supporting appellant's position, the *O'Neil* court cited no authority and provided no rationale explaining why a trustee's failure to state her capacity as trustee when signing a deed raises a conclusive presumption that the trustee did not intend to convey trust property, despite clear language of a contrary intent. *See id.*

Appellants also argue that if the Paweleks "are claiming Irene Mika conveyed the 1/10 interest [by] the 1994 deed, then a defect would exist in Irene Mika's signature and [the Paweleks] would only have two years to correct the defect." Section 16.033(a) of the Texas Civil Practice & Remedies Code provides:

> A person with a right of action for the recovery of real property or an interest in real property conveyed by an instrument with one of the following defects must bring suit not later than two years after the day the instrument was filed for record [including] . . . acknowledgment of the instrument in an individual, rather than a representative or official, capacity [and] execution of the instrument by a trustee without record of the authority of the trustee or proof of the facts recited in the instrument."

TEX. CIV. PRAC. & REM. CODE ANN. § 16.033(a)(6), (7) (West Supp. 2015). Section 16.033(a) expressly applies to a person bringing suit. *See id.* The Paweleks did not bring suit; Appellants did. If section 16.033(a) applies in this case, it applies to Appellants only. *See id.* Appellants cite no authority that section 16.033(a)'s limitations provision bars a defendant from defending against a trespass to try title action.[1]

Appellants have cited no authority and we have found none that a grantor's failure to specify her capacity either "individually" or "as trustee" nullifies a deed's purported conveyance

---

[1] Appellants cite additional authority throughout their brief, including cases concerning a corporate agent's disclosure of her corporate agency when executing a legal document. Because this case involves the failure to specify a trustee's capacity, we need not opine on whether a similar rule would apply to a corporate agent. *See* TEX. R. APP. P. 47.1 (requiring us to address only the issues raised and necessary for the disposition of the appeal).

of property that the grantor holds in trust. The Paweleks argue the issue of whether the 1994 deed conveyed all of the subject property is an issue of deed construction. We agree. *See Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 19 (Tex. 2015) (per curiam) (resolving dispute about whether deed conveyed land by applying rules of deed construction); *cf.* TEX. PROP. CODE ANN. § 114.084(a), (b) (West 2014) (suggesting grantor's indication of capacity is indicia of the trustee's "intent").

Neither side contends the 1994 deed is ambiguous,[2] and we construe an unambiguous deed as a matter of law. Our primary duty when construing an unambiguous deed "is to ascertain the parties' true intent." *Saenz v. Thorp Petroleum Corp*, No. 04-14-00527-CV, 2015 WL 4273270, at *2 (Tex. App.—San Antonio July 15, 2015, pets. filed) (mem. op.). To determine a grantor's intent when conveying real property by deed, courts analyze the four corners of the deed using rules of interpretation and construction. *Id.* We discern a grantor's intent from the plain language of the deed without reference to technicalities or arbitrary rules. *See Stribling*, 458 S.W.3d at 19; *Caress v. Lira*, 330 S.W.3d 363, 366 (Tex. App.—San Antonio 2010, pet. denied). "All parts of a written instrument must be harmonized and given effect if possible, . . . ." *Stribling*, 458 S.W.3d at 19. When courts construe deeds, there is a presumption favoring grantees over the grantor. *See Terrill v. Tuckness*, 985 S.W.2d 97, 105-06 (Tex. App.—San Antonio 1998, no pet.). We construe deeds "to confer upon the grantee the greatest estate that the terms of the instrument will permit," and we disfavor reservations by implication. *Large v. T. Mayfield, Inc.*, 646 S.W.2d 292, 294 (Tex. App.—Eastland 1983, writ ref'd n.r.e).

The granting clause of the 1994 deed conveys "all" 290.69 acres of the subject property subject only to a utility easement. The only part of the 1994 deed that Appellants argue supports

---

[2] At oral argument, the Paweleks asserted that an ambiguity in the deed was a possible alternative argument of the parties, but neither party has briefed or expressly argued how the 1994 deed is ambiguous.

Irene's intent not to convey the trust's undivided 1/10 interest is her failure to specify any capacity when signing the deed. Such an implied reservation is disfavored. *See id.* Construing Irene's failure to specify her capacity as an implied intent to reserve the 1/10's interest would also conflict with the deed's plain, unambiguous language. By the plain, unambiguous language of the granting clause, Irene and the other grantors intended to convey "all" of the subject property, subject only to a utility easement. We hold the 1994 deed conveyed "all" of the subject property, including the 1/10 interest Irene held as trustee, to the Paweleks, subject only to the utility easement specified in the deed.

Because we hold the deed's unambiguous language confirms Irene and the other grantors' intent to convey all of subject property, we also hold the trial court did not commit reversible error by excluding the 1992 deed that Appellants argue might show Irene had a contrary intent when signing the deed. *See Saenz,* 2015 WL 4273270, at \*2 (holding unambiguous deed must be construed by considering the language in the "four corners" of the deed).

ADVERSE POSSESSION

Appellants raise several other issues regarding the Paweleks' alternative grounds for summary judgment, including an issue in which Appellants argue the Paweleks could not have adversely possessed their interest in property under the five-year statute of limitations. Appellants argue that because they were co-tenants with the Paweleks, the Paweleks were required to claim title under a recorded deed that purports to convey the property claimed by adverse possession. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a) (West 2002); *Cass v. Green*, 224 S.W. 938, 939 (Tex. Civ. App.—Austin 1920, no writ) (holding that to adversely possess property under the five-year statute, the adverse possessor must claim title under a recorded deed that purports to convey the property claimed by adverse possession); *see also Republic Prod. Co. v. Lee*, 132 Tex. 254, 265, 121 S.W.2d 973, 978 (Tex. 1938) (noting to adversely possess from a cotenant, the other

cotenants must have purported to conveyed the cotenant's interest to a third party). Although the 1994 deed was duly recorded, Appellants argue that the deed does not purport to convey the entire subject property because Irene did not sign the deed as trustee. Because we disagree, we further hold that, even if the 1994 deed did not convey the trust's 1/10 interest, the Paweleks adversely possessed the 1/10 interest five years after the interest vested in Thomas and Pamela.

## CONCLUSION

The Paweleks demonstrated they are entitled to summary judgment as a matter of law on Appellants' trespass to try title claim because they conclusively established their entitlement to judgment as a matter of law. The 1994 deed conveyed all of the subject property to the Paweleks or, alternatively, the Paweleks adversely possessed Thomas and Pamela's 1/10 interest under the five-year statute of limitations.[3] Thus, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

---

[3] Appellants' remaining issues challenge alternative grounds for the Paweleks' motion (estoppel by deed and adverse possession under the two-year and ten-year statutes of limitations). Because we have held the 1994 deed conveyed all of the subject property and, alternatively the Paweleks adversely possessed the 1/10 interest claimed by Appellants, Appellants' remaining issues are not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.