J. A. LANE, Appellant,

v.

Campbell H. ELKINS et al., Appellees.

No. 4288.

Court of Civil Appeals of Texas.

Eastland.

April 25, 1969.

Rehearing Denied May 23, 1969.

Cayton, Gresham & Fulbright, William E. Fulbright, Lamesa, for appellant.

W. B. Browder, Jr., Stubbeman, McRae, Sealy & Laughlin, Midland, R. K. Harty, Crenshaw, Dupree & Milam, Lubbock, Roger J. Edwards, Houston, J. S. Rowe and W. N. Sands, Midland, for appellees.

COLLINGS, Justice.

Plaintiffs Campbell H. Elkins, R. H. Fulton and J. D. Leftwich brought suit against defendants J. A. Lane, Texaco, Inc., and Signal Oil & Gas Company seeking a declaratory judgment that each of the plaintiffs was entitled to a certain portion of the royalty provided for in an oil, gas and mineral lease covering the southeast ¼th and northwest ¼th of Section 45, Block 33, Township 5 North, T. & P. Ry. Co. Survey in Borden and Dawson Counties, including an overriding royalty provided for therein and to recover monies impounded by defendants Texaco, Inc., and Signal Oil & Gas Company from the sales of oil produced under the lease in question and attributable to such royalty interests. Defendant J. A. Lane filed a cross-action against Texaco, Inc., and Signal Oil & Gas Company. Lane by such cross-action sought to recover judgment against such companies awarding him the overriding royalty interest provided for in the lease in question free and clear of any and all claims of the other parties.

The trial was before the court without a jury. The parties stipulated that the

case should be decided on the basis of documentary evidence presented by certified copies and affidavits attached to the motion of plaintiffs Elkins, Fulton and Leftwich for partial summary judgment. Based upon the documentary evidence the trial court filed findings of facts and conclusions of law and rendered judgment granting plaintiffs all relief sought by them and denying Lane any recovery on his cross-action. Lane has appealed.

The court found and it is undisputed that J. A. Lane has at all times material been the owner of certain interests in the oil, gas and other minerals in, on and under the land here in question, which interests include the exclusive right to execute oil, gas and mineral leases on said land and to receive and retain all bonus monies payable by virtue thereof. Appellee Elkins is the owner of an undivided 5.9/610.9 non participating royalty interest in all the oil, gas or other mineral royalty in and under, or that may be produced from the said premises. Appellee Fulton is likewise the owner of an undivided 90/610.9 non participating royalty interest in said premises and appellee Leftwich is the owner of an undivided 10/610.9 non participating royalty interest therein.

On or about March 31, 1954, J. A. Lane and wife, as lessor, executed and delivered to J. P. Parker, as lessee, an oil, gas and mineral lease covering the above described property. Production of oil was obtained from the land under and by virtue of said lease by Hancock Oil Company, assignee, of said lease. Appellees Texaco, Inc., and Signal Oil & Gas Company are the purchasers of the oil produced and they have impounded $\frac{1}{16}$th of $\frac{7}{8}$ths of the proceeds from the sale of such oil which is here in controversy.

The oil, gas and mineral lease in question provides for a usual royalty of $\frac{1}{8}$th of the oil produced from the land. All parties hereto agree that appellees Elkins, Fulton and Leftwich and appellant J. A. Lane are entitled to share in the $\frac{1}{8}$th

royalty provided for in the lease according to their proportionate interests in the royalty.

Attached to the oil, gas and mineral lease was a typewritten rider designated as paragraph 11 which reads as follows:

"In addition to the cash consideration above set out and as part of the consideration for the execution of this lease, and not as a part of the royalty hereinabove reserved, the lessors reserve unto themselves, their heirs and assigns, the following overriding royalty, to-wit: $\frac{1}{16}$ of $\frac{7}{8}$ of all oil, gas and other minerals, including casinghead gas or other gasious substances which may be produced and saved, sold and used off from the lands above described under this lease, as, if and when produced and saved, free and clear of all costs of development or operation, except that such interest shall bear its own Advalorem and Gross production tax, and provided Lessee, his assigns and successors, may, from time to time purchase any overriding royalty oil, gas minerals or gasious substances in its possession, paying the market price therefor prevailing for the field where produced on the date of purchase; it being understood and agreed that this reservation shall be $\frac{1}{16}$ of $\frac{7}{8}$ of the total amount of oil, gas and other minerals produced on the entire above mentioned tracts without regard to whether or not the undersigned owns all or less than all of the oil, gas and other minerals under said tracts of land, the heretofore set out reduction clause for ownership of less than fee simple NOT being applicable to this clause."

Appellant J. A. Lane contends in his first point that the $\frac{1}{16}$th overriding royalty interest reserved in paragraph 11 is actually a reservation of a bonus payment rather than a reservation of royalty and that appellant is entitled to receive all of such reservation to the exclusion of appellees, Elkins, Fulton and Leftwich, and that the court erred in not so holding. Appellant

contends in his second point that if the reservation provided for in paragraph 11 should be held to be royalty in which Elkins, Fulton and Leftwich are entitled to participate, then nevertheless as a matter of contract the lessee in said lease and appellees Texaco, Inc., and Signal Oil & Gas Company, who purchased the oil produced under said lease, have agreed to pay appellant Lane 1/16th of 7/8ths of the total oil, gas and other minerals produced from the land in question and that appellant should have judgment against such appellees awarding him such interest as well as judgment for such part of all monies heretofore impounded by them for payment of production from said land.

■ Appellant's first point is overruled. In the oil and gas industry a royalty interest is commonly understood to be the right to a proportionate share of the oil produced from a well during the life of an oil and gas lease. Badger v. King, 331 S.W.2d 955 (Tex.Civ.App., n. r. e. 1959). A "bonus" is the sum or amount paid for the execution of an oil and gas lease whether in cash or out of production. Morriss v. First National Bank of Mission, 249 S.W.2d 269 (Tex.Civ.App., n. r. e. 1952).

■ Because of the fact that a bonus payment is sometimes to be paid out of production it often becomes difficult to distinguish between the terms "royalty" and "bonus." However, there are certain characteristics of a royalty interest which are controlling when it is necessary to make the distinction. It is held that in determining whether the payment provided for in a lease is a royalty or bonus the provisions of the instrument must be construed for what they really are, regardless of the designation given by the parties. State National Bank of Corpus Christi v. Morgan, 135 Tex. 509, 143 S.W.2d 757, 43 Tex.Jur.2d p. 21.

In Griffith v. Taylor, 156 Tex. 1, 291 S.W.2d 673 (1956), Judge Calvert speaking for the court stated as follows:

"—it may be that the words 'bonus' and 'royalty' in their broadest concepts and meanings are conflicting and overlapping. On the other hand, when it is necessary that they be distinguished there is a narrower concept of the two terms as they are ordinarily and commonly used and understood in the oil and gas industry in which they do not conflict but are harmonious. In this narrower sense a reservation or a payment of a part or percentage of production under a lease which is to continue throughout the life of the lease is regarded as 'royalty', and a sum certain to be paid in cash or out of production is regarded as 'bonus'."

In Delta Drilling Company v. Simmons, 161 Tex. 122, 338 S.W.2d 143 (1960), Judge Greenhill speaking for the court stated:

"The interest thus reserved has the characteristics of a royalty interest: it is an expense-free obligation (except as to taxes), payable as a specified share of the gross production, and is to continue throughout the life of the lease."

■ In the instant case the oil and gas lease by its terms in paragraph 11 provided for the reservation of an overriding royalty of 1/16th of 7/8ths of all oil, gas and other minerals produced from the land in question and that the interest reserved should be expense free. Such interest was by the terms of the lease to continue throughout the life of the lease. The reservation includes all the necessary elements and characteristics of a royalty interest. Such reserved interest was royalty and the court did not err in so holding. We hold contrary to appellant's contention that Lane could not, acting for himself and the royalty owners, enter into an agreement with the lessee which would, contrary to the language of the lease, change the meaning of the term royalty so as to defeat the rights of the non-participating royalty owners. Griffith v. Taylor, supra.

We also overrule appellant's point number 2 in which it is contended that the

court erred in denying appellant recovery on his cross action against appellees Texaco, Inc., and Signal Oil and Gas Company. Such appellees were purchasers of oil produced by the lessee or assignee of the oil and gas lease in question. They tendered into court the amount of the purchase price of the 1/16th of 7/8ths production provided for in paragraph 11 for payment to whomsoever the court should find entitled thereto. Appellant contends in effect that the trial court held the overriding royalty required to be paid to appellant under para-11 should under the reduction clause for ownership of less than fee simple be reduced by the amount of the overriding royalty payments which it held should be made to appellees, Elkins, Fulton and Leftwich as non-participating royalty owners. Actually the holding was that the overriding royalty reserved in paragraph 11 was a royalty interest and not a bonus, and that appellant Lane could not, as lessor, enter into agreement with his lessee which would change the meaning of the term "royalty", and that each owner of royalty was entitled to his proportionate part of all the royalty provided for in the lease on the land. Appellant further contends that the language of paragraph 11 shows that it was the intention of appellant and the lessee that appellant was in all events to receive a full 1/16th overriding royalty. For the reasons stated we cannot agree with these contentions.

Paragraph 11 provided for a reservation of only 1/16th of 7/8ths of the oil, gas and other minerals produced from the land. The only question presented is whether such 1/16th reservation was a bonus which appellant was entitled to retain in full or was a royalty in which the non-participating royalty owners were entitled to share. The trial court correctly held that the reservation was not a bonus but was royalty. There was no provision in paragraph 11 for any further or additional reservation of either bonus or royalty. To require these appellees, who purchased the oil, to pay Lane a full 1/16th of 7/8ths of the oil produced from the land and purchased by them when the non-participating royalty owners are entitled to share in such royalty would exceed the requirements of the lease and would, in effect, require Texaco, Inc., and Signal Oil Company to pay double damages.

The judgment is affirmed.