G. F. HELMS et al.

v.

Nelson R. GUTHRIE et al.

No. 18016.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 19, 1978.

Rehearing Denied Nov. 30, 1978.

Prothro & Sellers and Lee Sellers, Wichita Falls, Adams, Adams & Blackburn and Joe R. Blackburn, Houston, for appellant Walter C. Shaw III.

Robertson & Stensrud and Bruce J. Stensrud, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

Suit was brought by Nelson R. Guthrie and others (hereinafter termed Guthrie), against defendants G. F. Helms and others (hereinafter termed Helms), Henry and Johanna Stern, and lessee Holt and successors (hereinafter termed Holt), to determine the ownership of overriding royalty interests in the production of oil and gas from an oil and gas leasehold estate. Though parties are in groups for our discussion we will treat them in the sense of the singular.

Trial was before the court, sitting without a jury, and, though evidence was introduced, was submitted substantially as would have been an agreed case.

The trial court entered judgment which generally suited the contentions of Guthrie and the Sterns but was not in accord with Helms' concept of propriety. Helms appealed from the judgment as it affected his controversy with Guthrie. Guthrie filed cross-points of error by which there was contention that, as between himself and Helms, he should have been awarded damages in the form of a property interest in the royalty decreed as Helms'. No one complains of the judgment as affected by the determination of title in Henry and Johanna Stern.

We affirm the judgment.

To be noticed is that at a time when Helms had the full title to the surface and minerals under the subject property there had been a conveyance to Stern of ¼th of "the" royalty estate. Subsequently there had been a conveyance by Helms to Guthrie of the full Helms estate remaining except by specific provisions that:

"Helms . . . under date of September 19, 1950, . . . conveyed to Henry Stern . . . an undivided ¼th of the ⅛th oil, gas and mineral royalty . . . . ."

"Also, the grantors herein retain and reserve under said First Tract ½ of the ⅛th royalty (same being a ¹⁄₁₆th of the total production) of oil, gas and minerals, same being a non-participating royalty interest here retained by grantors."

Likewise to be noticed is that by the lease of Guthrie to Holt there was provision that in addition to the normal ⅛th royalty interest the further agreement and provision that:

"In lieu of a bonus consideration for this lease, Lessors hereby reserve unto themselves (meaning Guthrie) an overriding royalty equal to ¹⁄₁₆ of ⅞ of all the oil, gas and other minerals that may be produced, saved or sold from the land covered by this lease, the same to be reserved by or paid to the Lessors . . . . ."

By the judgment was decreed that the Stearns were vested in right, title and interest, under the lease to Holt, not only to the ¼th interest in royalty received by the deed from Helms, but furthermore a ¼th of the overriding royalty reserved by Guthrie in the lease to Holt.

By the judgment was decreed that Helms held ½ the interest in the royalty, such interest being that reserved by the Helms' deed to Guthrie, and no more.

By the judgment was decreed that Guthrie was vested in right, title and interest, under the lease to Holt, to not only the ¼th interest in the royalty received by the deed from Helms, but furthermore to ¾ths of the overriding royalty he had reserved in the lease to Holt, but no other right or relief.

■ The reason why the parties to the appeal have conceded that the award to the Sterns of ¼th interest in the overriding royalty provided by the lease was because of judge-made law exemplified in the following cases: *Griffith v. Taylor*, 156 Tex. 1, 291 S.W.2d 673 (1956); *McMahon v. Christmann*, 157 Tex. 403, 303 S.W.2d 341 (1957); *Delta Drilling Company v. Simmons*, 161 Tex. 122, 338 S.W.2d 143 (1960), and *Lane v. Elkins*, 441 S.W.2d 871, 874 (Tex.Civ.App.—Eastland 1969, writ ref'd n. r. e.). By these cases was settled that as a matter of law the owner of the executive right to bind the interests of non-participating royalty owners in a property may not reserve an overriding royalty for himself alone, but that any overriding royalty provided for in a lease executed by him accrues to the benefit of all the royalty owners in proportion to their titular interests.

Helms' contention is that the trial court erred in not applying the same rule of law to his case as the court had done for the Sterns. He claimed a like proportionate interest (based on his fractional title) in the overriding royalty provided by the lease to Holt.

Helms chooses to disregard the provision made by him in his deed to Guthrie, where, relative to the royalty interest reserved, the meaning of that which was reserved was defined, viz: "½ of the ⅛th royalty (same being a ¹⁄₁₆th of the total production) of oil, gas and minerals, . . . ."

■ To us, as to the trial court, the meaning of the above is that Helms had contracted in limitation of that which was reserved for himself in the conveyance made to Guthrie. He had provided by contract that the measure of that which was reserved should be "¹⁄₁₆th of the total pro-duction" from the leasehold estate if and in the event production of oil or gas should ever be accomplished. Our holding is that Helms contractually provided that he should own a "fractional royalty" of ¹⁄₁₆th of the total production, not a "fraction of royalty", determinable upon the execution of some future lease. *Allen v. Creighton*, 131 S.W.2d 47, 49–50 (Tex.Civ.App.—Beaumont 1939, error refused); *Greene v. White*, 137 Tex. 361, 153 S.W.2d 575, 583–5 (1941). See also *Williams & Meyers, Oil and Gas Law* (1977), Vol. 2, Ch. 3, "Oil and Gas Conveyancing", Topic 4, "Royalty and Non-Executive Mineral Interests", p. 81, et seq. beginning with Sec. 327, "Construction of Fractional Interests: Introduction".

Helms must be held to be bound under principles of contract law. No reformation is sought in this case, involved is mere contractual construction. His points of error are without merit and are overruled.

By cross-points Guthrie seeks to obtain relief from Helms under the warranty provisions of Helms' deed; the relief sought being to give him a part of the royalty income derived and to be derived by Helms from the production on the lease so that he would have that which was warranted by Helms, to-wit: the equivalent of income from overriding royalty received by the Sterns. We copy the cross-points:

1. The trial court erred in not holding, as a matter of law, that the Guthries' royalty interest was equal of ¼ of ⅛ plus ¹⁄₁₆ of ⅞ of the production from the subject land under and by virtue of the subject lease.

2. The trial court erred in not holding that of the Guthries' royalty interest described in cross-point no. 1 above, an amount equal to ¼ of ¹⁄₁₆ of ⅞ of production was to be borne by and taken from the Helms' royalty interest because, as a matter of law, the Helms breached their warranty in their deed to the Guthries and the royalty interest reserved by them in such deed must be reduced by such amount in order to make up the loss which would be sustained by the

Guthries in the absence of such reduction.

Guthrie necessarily has reference by the cross-points (wherein he claims entitlement to something in addition to that he received) to an equivalent out of Helms' royalty to the overriding royalty granted Sterns. This Guthrie perceives as something promised to be conveyed, and warranted to be conveyed to him by Helms, but not received by the judgment.

There was antecedent delivery of interest in royalty to the Sterns and of this there is no dispute between Guthrie and Helms. The instrument of conveyance had been theretofore placed of record. The deed from Helms to Guthrie read, in the material portion thereof under scrutiny, as follows:

"Helms, . . . under date of September 19, 1950, as shown of record in Volume 148, Page 314, Jack County Deed Records, conveyed to Henry Stern and wife, Johanna Stern, an undivided *¼th of the ⅛th oil, gas and mineral royalty* and as a non-participating royalty interest under such land, and *this deed is made expressly subject to said royalty conveyance shown of record in Volume 148, Page 314, Deed Records.*" (Emphasis supplied.)

(Paragraph following provision that Helms reserves the ¹⁄₁₆th of the total production, subject of earlier discussion).

"To repeat . . . this deed is made subject to the Henry Stern, et ux. *¼th of ⅛th non-participating royalty interest above referred to,* and is made subject to the ½ of ⅛th non-participating oil, gas and mineral royalty interest as here retained by grantors. The grantees herein, their heirs and assigns, being entitled to the ownership of all other title, rights and authorities pertaining to such First Tract except those last above set out." (All emphasis has been supplied.)

The usual warranty language follows, and it is upon the warranty, either solely or in part, that Guthrie founds his cross-points of error.

Reference to the Sterns' deed of record in Volume 148, Page 314, Deed Records of Jack County, Texas, discloses that the interest conveyed by Helms to Sterns was: "but covers and includes one-fourth (¼th) *of all the oil royalty, and gas royalty,* and casing-head gas and gasoline royalty, and royalty from other minerals . . . ."

Under the Guthrie contention there is some confusion. He seems to actually desire specific performance relief by delivery to him out of the royalty interest remaining in Helms—the computable amount of royalty necessary to produce the overriding royalty income in amount equal to that of the Sterns—as what Helms had warranted to have been delivered by the conveyance to him (Guthrie). At the same time, it would seem, Guthrie, declares upon Helm's breach of warranty because of a failure of title warranted, and, despite the declaration founded upon a theory of breach of warranty, seeks something other than the usual relief in damages. The relief desired could only be that which would be secured in a suit for specific performance.

In a proper case the situation might call for discussion of philosophies of the law as well as the discussion of authorities presented. Here, however, there is not the requirement for such labors.

■ We hold that by the language of the deed from Helms to Guthrie, with specific provision for notice of that which had earlier been conveyed to Sterns and with express provision that the conveyance to Guthrie was made subject thereto, there was excepted from the conveyance and from the warranty of that instrument whatever was shown by the earlier instrument, on record, as the Sterns' property interest.

The cross-points of error are overruled.

Judgment is affirmed.