**Mildred L. TILLER, et al., Appellants,**

v.

**W.J. TILLER, et al., Appellees.**

**No. 14227.**

Court of Appeals of Texas, Austin.

Feb. 6, 1985.

Rehearing Denied Feb. 27, 1985.

C.C. Small, Jr., Small, Craig & Werkenthin, Austin, for appellants.

John H. Burris, Alice, for appellees.

Before POWERS, GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

The appellees filed suit in the district court of Caldwell County, seeking, among other relief, recovery of accrued royalty payments claimed by them under a 1958 partition deed. The trial court entered partial summary judgment construing the partition deed in favor of the appellees, and subsequently entered a final judgment awarding damages to the appellees based on the trial court's interpretation of the 1958 deed. We will reverse the judgment of the trial court and render judgment that the appellees take nothing in this cause.

This case revolves around the proper construction of an October 13, 1958 partition deed between eight persons who were the owners in common and in fee simple of

356.536 acres of land in Caldwell County. The parties to the 1958 partition deed included Mildred L. Tiller, one of the appellants in this case, and W.C. Tiller, under whom the appellees claim. The deed expressly recited that the eight partitioners were "... desirous of making partition of the (356.536 acres), *including the oil, gas and mineral rights thereunder, ....*" (emphasis added). The deed divided the property into eight separate 44.567 acre tracts, with one individual tract being conveyed to each of the partitioners. The surface estate was clearly vested in each of the individual owners. This dispute arose over the division of minerals in the partition deed.

Appellant Mildred L. Tiller received Tract #1 under the partition deed which conveyed to her the following:

> ... for her part, share and proportion of the aforesaid lands and premises, and the oil, gas and mineral rights thereunder, the following described tract of land and the following oil, gas and mineral rights therein, on and under the same, to-wit: [metes and bounds description deleted] and of the oil, gas and other minerals in, on, under or that may be produced from said 44.567 acres, Tract #1, the said Mildred L. Tiller shall own out of the royalties provided for in any oil, gas or other minerals lease that may be given thereon ⅖ of such royalties (⅖ of ⅛) and of such oil, gas and minerals produced in, on and under, or that may be produced from said land, and the said Mildred L. Tiller shall own all of the ⅞ lease-hold rights on all oil, gas and other minerals, in, on or under said land, and shall have the sole right, without the joinder of any of the parties hereto, to give and execute oil, gas and mineral leases on said tract of land and to receive for herself, her heirs and assigns, all bonus monies or other consideration, including annual rentals, paid for any such oil, gas or other mineral leases, provided, however, that all oil, gas and other mineral leases that may be executed by the said Mildred L. Tiller, her heirs or assigns, shall provide for a royalty of not less than ⅛ of

the oil, gas or other minerals that may be produced from said land.

The exact language used in the conveyance to Mildred L. Tiller was also used in conveying the remaining seven tracts. The partition deed also contained the following language:

> In other paragraphs of this partition deed, Tract #1 is described herein and set aside to Mildred L. Tiller, Tract #2 to Ester T. Morse, Tract #3 to Lucille T. Langley, Tract #4 to Irby L. Tiller, Tract #5 to Gladys T. Couser, Tract #7 to Jimmy T. Warner, and Tract #8 to James M. Tiller, each of said tracts containing 44.567 acres of land. Under each of said tracts, Nos. 1, 2, 3, 4, 5, 7 and 8, the said W.C. Tiller shall *own ⅓ of the ⅛ royalty, (1/72) of all the oil, gas and other minerals, produced from said land, and the same shall be payable out of the royalty provided in any oil, gas or other minerals lease given on said land, same to be a royalty interest and free and clear of all drilling and operating expenses.* (emphasis added).

On March 6, 1981, the appellants executed oil and gas leases on their respective individual tracts. These leases provided a ⅕ royalty payment, rather than a ⅛ royalty payment. Each of these oil and gas leases contains the following express royalty provision:

> In lieu of the normal ⅛ royalty and bonus, lessor shall receive a ⅕ royalty as herein provided. It is understood and agreed that any other heirs of J.L. Tiller and Emma Tiller (or such heirs, successors and assigns) who may have a royalty interest in the herein described land shall be paid out of lessor's royalty as if such royalty was the customary ⅛ royalty interest, the remaining ³⁄₄₀ interest attributable to bonus.

The appellees claim that they are entitled to ⅑ of any royalty received under any oil and gas lease on the partitioned tracts, claiming in this case, ⅑ of ⅕ or 1/45 of the total production from each tract. The trial court agreed, and granted relief which

awarded them a $\frac{1}{45}$ interest in all production under the oil and gas leases.

Our reading of the partition deed, leads us to conclude that each of the partitioners received, outright, the surface to his respective tract, along with the mineral estate lying under his acreage, subject to a $\frac{1}{8}$ royalty interest discussed below. While the partition deed in one section uses the phrase "all of the $\frac{7}{8}$ lease hold rights", it is apparent that the deed conveyed outright ownership to each individual of the mineral estate under his respective tract.

Each tract was subject to a $\frac{1}{8}$ royalty interest which was to be shared among the partitioners. The owner of each individual tract would receive $\frac{2}{9}$ of the $\frac{1}{8}$ royalty with each remaining partitioner receiving $\frac{1}{9}$ of $\frac{1}{8}$ (which was clearly expressed as $\frac{1}{72}$) of the minerals in and under the tracts conveyed to their copartitioners.

The partition deed expressly granted the owner of each individual tract all rights regarding the execution of oil and gas leases on his tract as well as the right to receive all bonus monies or other considerations. The only restriction on the individual owners as to the development of their mineral estate was a provision that any lease must provide at least a $\frac{1}{8}$ royalty interest to be shared, as described above, among the original partitioners and their successors.

This case stands on much the same footing as *Helms v. Guthrie*, 573 S.W.2d 855 (Tex.Civ.App.1978, writ ref'd n.r.e.) wherein the Fort Worth court held that a reservation of "$\frac{1}{2}$ of the $\frac{1}{8}$ royalty (same being $\frac{1}{16}$ of the total production) of oil, gas and other minerals" was a contractual limitation on the amount of the reserved interest. The court concluded that Helms owned a fractional royalty of $\frac{1}{16}$ of the total production, not a "fraction of royalty" to be determined upon the execution of some future lease.

In the case before us, the partition deed, in clear and unambiguous language, conveyed to W.C. Tiller, the appellees' predecessor in title, "$\frac{1}{9}$ of the $\frac{1}{8}$ royalty, ($\frac{1}{72}$) of all the oil, gas and other minerals produced from said land, (the tracts at issue) ...."

Under the *Helms* case, W.C. Tiller contractually limited the royalty interest reserved for himself to "$\frac{1}{9}$ of $\frac{1}{8}$ royalty, ($\frac{1}{72}$) of all of the oil, gas and other minerals, ... payable out of the royalty provided for in any ... lease ... free and clear of all drilling and operating expenses."

The appellees argue that the intention of the partition deed was to divide the royalty interest, regardless of size, with $\frac{2}{9}$ of the royalty being paid to the owner of each individual tract, and the remaining $\frac{7}{9}$ of the royalty being shared among the other partitioners. Appellees seek to disregard the apparent limitation language of the partition deed which expressly states the division as "$\frac{1}{9}$ of the $\frac{1}{8}$ royalty ($\frac{1}{72}$)" by relying on cases dealing with construction of ambiguous instruments. Since we find this provision of the partition deed to be clear and unambiguous, these cases are not persuasive.

Appellees next turn to the bonus clause in the leases at issue, arguing that the $\frac{3}{40}$ share of production described as being given in lieu of bonus, is in fact, royalty and as such should be shared among the partitioners. The appellees contend that the party holding executory rights to a mineral estate cannot deprive royalty owners of their rightful share of royalties by characterizing what is, in reality, a royalty interest as some form of bonus, citing *Lane v. Elkins*, 441 S.W.2d 871 (Tex.Civ.App.1969, writ ref'd n.r.e.), and *Griffith v. Taylor*, 156 Tex. 1, 291 S.W.2d 673 (1956). Under our interpretation of the partition deed, any distinction between bonus or royalty as to the $\frac{3}{40}$ interest at stake in this case is meaningless, since we hold that the appellees' predecessor in title received a specific fractional royalty interest equal to $\frac{1}{9}$ of $\frac{1}{8}$, or $\frac{1}{72}$.

Accordingly, we reverse the judgment of the trial court, and render judgment that the appellees, as plaintiffs, take nothing in the case below.