Geilda WHITE and Melovee White, Individually and as Independent Executrices of the Estate of Clifford White, Deceased, and the Estate of Ola White, Deceased, and as the Successors in Title to Clifford White and Ola White, Appellants,

v.

Modesto WHITE, Jr., Appellee.

No. 01–91–00289–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1992.

Rehearing Denied June 11, 1992.

Dan C. Perry, James P. Barnett, Jr., Houston, for appellants.

Richard N. Evans, Sr., Rex Fortenberry, Houston, for appellee.

Before O'CONNOR, DUGGAN and SAM BASS, JJ.

## OPINION

O'CONNOR, Justice.

The sole issue before this Court is the interpretation of an unambiguous deed. The trial court found the language of a royalty deed conveyed a fractional royalty interest, as opposed to a fraction of royalty. We agree and affirm.

### 1. Fact summary

On September 9, 1955, Modesto White, Sr. executed the Modesto White, Jr. Royalty Deed ("the Deed") conveying an interest to Alice Carrington for a term of years with the remainder to Modesto White, Jr. All parties stipulated that the Deed is unambiguous.

The language in the Deed that is in dispute, located in the granting clause, and other expressions of intent are as follows:

I, Modesto White [Sr.] ... have granted ... unto Alice Carrington ... for the period ending January 1, 1962, and thereafter to Modesto Carrington [1] ... in fee simple forever, the following described property located in Chambers county, Texas, to wit:

*A non-participating mineral royalty equal to three-eights (⅜ths) of all the oil and gas and other minerals that may be on or under and produced and saved* from the lands and interests in lands in Chambers County, Texas, owned by the said Daisy M. Gill, Deceased, at the time of her death,[2] *said three-eighths (⅜ths) royalty interest hereby conveyed being all of the remaining interest now owned by the undersigned grantor.* The mineral royalty interest in the Estate of Daisy M. Gill shall, after the date

---

1. Modesto Carrington is also known as Modesto White, Jr.

2. Daisy M. Gill owned at the time of her death an undivided ½ mineral interest in the described land.

of this conveyance, be owned three-eighths (⅜ths) by Clifford White, one-eighth (⅛) by W.P. Hamblen, one-eighth (⅛) by Jas. F. Bobbitt, *and three-eighths (⅜ths) by the grantees herein [Alice Carrington and Modesto Carrington],* as herein provided.

No part of the lands or the royalty interests or the other mineral interests owned by the undersigned, MODESTO WHITE, in his own right, are conveyed hereby, *it being the intention of the undersigned to convey hereby only said royalty interest in the Estate of Daisy M. Gill, Deceased.*

This conveyance does not cover any part of, or interest in, the surface of the lands or any other property acquired from the said Estate of Daisy M. Gill, Deceased, and this conveyance covering *only a non-participating royalty interest,* the said grantees herein *shall not be entitled to any bonuses or delay rentals to be paid on future and existing oil, gas and mineral leases,* which are reserved by the grantor herein, and the grantees herein shall not be required to sign any future lease or leases.

(Emphasis added.)

Modesto White, Jr. (the plaintiff) brought suit against Cauble Enterprises, the owner of an oil and gas lease covering the property in dispute, seeking a judicial construction of the Deed. Cauble Enterprises interplead funds into the trial court, representing that such funds were attributable to suspended royalties whose ownership was in question because of the Deed, and was subsequently dismissed from the trial. Defendants Geilda White and Melovee White, individually and as independent executrices of the estates of Clifford White and Ola White, were joined (the defendants).

After Cauble Enterprises was dismissed, the case proceeded to trial against the remaining defendants, the appellants here, and was tried to the court without a jury. After hearing argument of counsel and

**3.** Pursuant to TEX.R.CIV.P. 263, trial was conducted as an agreed case and, therefore, all facts

considering the Deed and all the stipulations,[3] the trial court decreed the following:

After examining all relevant instruments and authorities, I find that the Modesto White, Jr. Deed of September 9, 1955 is unambiguous as agreed and stipulated by the parties and it is further found by the Court that this instrument does convey ⅜ of ⅐ royalty interest, or ³⁄₅₆ of all oil, gas and other minerals produced and sold. This is a decimal fraction of .0535710. It is held by the Court that the deed in question conveyed a fractional royalty rather than a fraction of royalty in any lease executed by the successors to Modesto White's mineral interest and executive rights in the Daisy M. Gill Estate.

## 2. Deed construction

In three points of error, the defendants argue the trial court erred in construing the Deed as conveying a fractional royalty.

 The construction of an unambiguous deed is a question of law for the court. *Altman v. Blake,* 712 S.W.2d 117, 118 (Tex.1986). In interpreting a deed, the primary duty of a court is to ascertain the intent of the parties by a fundamental rule of construction known as the "four corners" rule. *Luckel v. White,* 819 S.W.2d 459, 461 (Tex.1991). The interpretation of the contract is controlled by the parties' intentions as expressed within the four corners of the instrument. *Altman,* 712 S.W.2d at 118. In seeking to ascertain the intention of the parties, the court must attempt to harmonize all parts of a deed. *Id.* Even if different parts of the deed appear contradictory or inconsistent, the court must strive to construe the instrument to give effect to all of its provisions. *Luckel,* 819 S.W.2d at 462.

### A. Matter of law

 In point of error one, the appellants argue the trial court erred in construing the Deed as conveying a fractional royalty. The appellants contend the Deed conveyed,

were stipulated.

as a matter of law, a fraction of royalty. We disagree.

Under established Texas law, the Deed conveyed a non-participating royalty interest equal to three-eighths of all the oil and gas and other minerals. *See Watkins v. Slaughter*, 189 S.W.2d 699, 700 (Tex.1945); *Elick v. Champlin Petroleum Co.*, 697 S.W.2d 1, 4 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Other language of the granting clause is consistent with this interpretation. The granting clause also stated:

> The mineral royalty interest in the Estate of Daisy M. Gill shall, after the date of this conveyance, be owned three-eighths (⅜ths) by Clifford White, one-eighth (⅛) by W.P. Hamblen, one-eighth (⅛) by Jas. F. Bobbitt, and three-eighths (⅜ths) by the grantees herein [Alice Carrington and Modesto Carrington], as herein provided.

The "as herein provided" refers back to the initial granting language and the grantor's expression of intent, which stated:

> Whereas, Modesto White desires to convey a non-participating mineral royalty equal to three-eighths (⅜ths) of all the oil, gas and other minerals that may be on or under and produced and saved from the lands and interests in lands owned by the Estate of Daisy Gill, Deceased, in Chambers County, Texas, to the hereinafter mentioned grantees;

By this language, it is clear the grantor intended to convey three-eighths of all the oil and gas and other minerals "produced and saved," in other words, a fractional royalty, not a fraction of royalty. The trial court did not err in its interpretation of the Deed.

We overrule point of error one.

**B. Judicial notice**

■ In point of error two, the defendants argue the trial court erred in refusing to take judicial notice that the standard royalty at the time the Deed was executed was one-eighth. They rely on *Garrett v. Dils Company*, 299 S.W.2d 904, 907 (Tex.1957).[4] The defendants contend the trial court should have taken judicial notice of a fact. We disagree.

Both parties agreed the sole issue was the interpretation of the granting language of an unambiguous deed. In making its interpretation, the trial court's focus was confined to the four corners of the Deed. *Altman*, 712 S.W.2d at 118; *cf. Brown v. Havard*, 593 S.W.2d 939, 942 (Tex.1980) (extrinsic evidence properly admitted for the interpretation of ambiguous deed).

The defendants have not demonstrated how the judicial notice of a *fact* would effect a trial court's *legal* construction of an instrument. To satisfy the harmless error rule in TEX.R.APP.P. 81(b)(1), the defendants must show that: (1) the trial court did commit error, and (2) the error was reasonably calculated to cause and probably did cause, the rendition of an improper judgment. *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Error, if any, was thus harmless.

We overrule point of error two.

**C. Judicial admission**

■ In point of error three, the defendants argue the trial court erred in failing to recognize White's admission that the Deed conveyed a fraction of royalty.[5] White stated in his sixth amended petition:

> By the terms of said [Deed], the fraction of royalty conveyed to [appellee] by said deed is a non-participating royalty interest equal to three-eighths (⅜) of one-

---

4. In *Garrett*, when the court took judicial notice of the usual royalty provided in mineral deeds, it was resolving the parties' rights under future leases. 299 S.W.2d at 907. Here, this Court is not asked to ascertain a similar issue.

In *King v. First National Bank*, 144 Tex. 583, 192 S.W.2d 260, 262 (1946), the court took judicial notice of the usual royalty in resolving what a grantor had reserved in the conveyed land.

5. This argument was first presented to the trial court by the defendants in their motion for new trial. In overruling the motion, the trial court found, after reviewing the entire petition: "That [the plaintiff] made no judicial admission as set forth in the [defendant's] motion for new trial."

seventh ($\frac{1}{7}$) of all the oil, gas and other minerals that may be on or under and produced and saved from said land, which equals to a numerical fraction of an undivided three-fifty sixths ($\frac{3}{56}$) or a decimal fraction of .053571.

The defendants contend this language clearly purports to convey a decimal fraction of royalty. Again, we disagree. The language identifies the royalty interest conveyed as a definite fraction of *all the oil, gas, and minerals,* not three-eighths of one-seventh of royalty.

In addition, the parties agreed that the sole issue before the trial court was a matter of law interpretation of the Deed. As discussed under the proceeding point, no extrinsic facts are considered when a matter of law question is to be determined considering the interpretation of an unambiguous deed.

We overrule point of error three and affirm the judgment below.