ACCEPTED
04-14-00711-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 4:25:04 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00711-CV**

**IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

07/8/2015 4:25:04 PM

KEITH E. HOTTLE
Clerk

**PETER J. DRAGON,**
**Appellant**

**v.**

**CHARLES E. HARRELL AND HOLLIS R. HARRELL,**
**Appellees**

_____

**APPELLANT'S REPLY BRIEF**

_____

CLINTON M. BUTLER
State Bar No. 24045591
cbutler@langleybanack.com
ELIZABETH R. KOPECKI
State Bar No. 24087859
ekopecki@langleybanack.com
114 N. Panna Maria Ave.
Karnes City, Texas  78118
Telephone: (830) 780-2700
Telecopier: (830) 780-2701

ATTORNEYS FOR APPELLANT,
PETER J. DRAGON

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................................2

ARGUMENT AND AUTHORITIES IN REPLY.............................................3

I.  The language in the Harrell Deed relied upon by Appellees does not create a fractional royalty interest....................................................3

II. Courts cannot contract for the parties. ...........................................5

III. The Reservation in the Harrell Deed does not contain "parentheticals" or "qualifiers" that change the nature of the interest reserved into a fractional royalty interest...........................8

IV. The impact on future leasing should be considered. .......................12

V. A finding of ambiguity is not required prior to application of rules of construction.....................................................................15

VI. The attorneys-fees issue should be remanded. ................................16

PRAYER ...........................................................................................................17

CERTIFICATE OF COMPLIANCE................................................................17

CERTIFICATE OF SERVICE..........................................................................18

1

# INDEX OF AUTHORITIES

**Cases**

*Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550
(Tex. 2002) .................................................................................................. 5

*Arnold v. Ashbel Smith Land Co.*, 307 S.W.2d 818
(Tex. Civ. App.—Houston 1957, writ ref'd n.r.e.) ................................ 13, 14

*Coghill v. Griffith*, 358 S.W.3d 834
(Tex. App.—Tyler 2012, pet. denied) ............................................... 9, 10, 12

*Dupnik v. Hermis*, No. 04-12-00417-CV, 2013 WL 979199
(Tex. App.—San Antonio March 13, 2013, pet. denied)
(mem. op.) ................................................................................................ 16

*Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310
(Tex. 2005) ............................................................................................... 12

*Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690 (Tex. 1986) .............. 13, 14

*Harriss v. Ritter*, 279 S.W.2d 845 (Tex. 1955) ...................................... 10, 11

*Helms v. Guthrie*, 573 S.W.2d 855
(Tex. Civ. App.—Fort Worth 1978, writ ref'd n.r.e.) .......................... 10, 11

*Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.,*
*352 S.W.3d 462 (Tex. 2011)* ...................................................................... 7

*Medina Interests, Ltd. v. Trial*, No. 04-14-00521-CV,
2015 WL 3895902 , ___ S.W.3d ___(Tex. App.—San Antonio June 24,
2015, no. pet. h.) ................................................................................. 7, 8, 15

*Moore v. Noble*, 374 S.W.3d 644 (Tex. App.—Amarillo 2012,
no pet.) ..................................................................................................... 12

*Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527 (Tex. 1987) ...................... 12

*Schlittler v. Smith*, 101 S.W.2d 543 (Tex. 1937) ................................ 9, 10, 13

*Terrill v. Tuckness*, 985 S.W.2d 97 (Tex. App.—San Antonio 1998,
no pet.) ..................................................................................................... 16

*White v. White*, 830 S.W.2d 767 (Tex. App.—Houston [1st Dist.]
1992, writ denied) .................................................................................... 14

*Wynne/Jackson Development, L.P. v. PAC Capital Holdings, Ltd.*,
No. 13-12-00449-CV, 2013 WL 2470898 (Tex. App.—Corpus Christi
June 6, 2013, pet. denied) (mem. op.) ............................................... passim

## ARGUMENT AND AUTHORITIES IN REPLY

### I. The language in the Harrell Deed relied upon by Appellees does not create a fractional royalty interest.

Appellees' brief to this Court misrepresents the very nature of a "non-participating royalty interest." Appellees have provided this Court with certain background information regarding the interest held by Appellees' predecessors at the time the Harrell Deed was executed. *Appellees' Br. at 12–13.* This information provides the sole basis for Appellees' conclusion that the interest reserved by their predecessors in the Harrell Deed was a one-half (1/2) fractional royalty interest. *See Appellees' Br. at 13* ("One-half (1/2) of a one hundred percent (100%) royalty interest is logically and unambiguously a fifty percent (50%) fractional royalty interest.").

Appellees' assertion is misplaced because, as mineral interest owners, Appellees' predecessors had the right to either self-develop the minerals or lease the property to an oil and gas company to explore and develop the mineral estate. *E.g., Wynne/Jackson Development, L.P. v. PAC Capital Holdings, Ltd.,* No. 13-12-00449-CV, 2013 WL 2470898, at *3 (Tex. App.—Corpus Christi June 6, 2013, pet. denied) (mem. op.) ("A mineral fee owner has a possessory estate in the land. As such, he has the right to develop the minerals himself or the exclusive power to lease the land to another for mineral development."). Because it is doubtful that Appellees' predecessors

3

had the requisite knowledge of the oil and gas industry to self-develop the minerals, Appellees' predecessors likely would have leased their property to an oil and gas company for exploration and development of the mineral estate. In doing so, Appellees' predecessors would have retained a right to receive royalties under their oil and gas lease (*i.e.*, the landowner's royalty). This right to receive royalties pursuant to their lease would not be a fractional royalty interest, but a fraction of royalty interest.

Therefore, when Appellees predecessors conveyed the property to Appellant and retained only a non-participating interest in the royalties on oil, gas, and other minerals, their use of the phrase "consisting of one-half of the royalty interest now owned by" did not automatically reserve a fractional royalty interest as Appellees would have this Court hold. *See Appellees' Br. at 13.* Rather, the Reservation entitled Appellees to receive one-half (1/2) of the royalties payable under any oil and gas lease that Appellant entered into on behalf of Appellant and Appellees. *See also Wynne/Jackson Development, L.P. v. PAC Capital Holdings, Ltd.*, No. 13-12-00449-CV, 2013 WL 2470898, at *3 (Tex. App.—Corpus Christi June 6, 2013, pet. denied) (mem. op.).

By using this phrase, Appellees reserved one-half (1/2) of their right to have their non-participating royalty interest subjected to an oil and gas

4

lease and to be paid one half of the royalty set out in any such lease, while conveying the other one-half (1/2) of their royalty right, along with all of their executive interest, to Appellant in the Harrell Deed. What Appellees did not do in the Harrell Deed was to reserve one-half (1/2) of all gross production of oil, gas, and other minerals from the Property. *Contra Appellees' Br. at 13.* More importantly, this phrase should not provide the sole basis for interpreting the Reservation in the Harrell Deed; instead, the entire deed must be read together and all provisions must be given effect.[1]

## II. Courts cannot contract for the parties.

Appellees correctly cite authority that no single provision of an instrument should be given controlling effect when seeking to ascertain the parties' intent. *Appellees' Br. at 8.* However, Appellees then ask this Court to disregard: (1) provisions in the Harrell Deed which clearly show that the parties contemplated future leasing; and (2) unambiguous language that Texas courts have interpreted as creating a fraction of royalty. *See Appellees' Br. at 12.* Appellees then ask this Court to rely solely on the phrase "consisting of one-half of the royalty interest now owned by"

---

[1] *See, e.g., Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002) (explaining the application of the four corners rule with regard to an oil and gas lease and providing that, "We examine the entire lease and attempt to harmonize all its parts, even if different parts appear contradictory or inconsistent. That is because we presume that the parties to a lease intend every clause to have some effect.") (citations omitted).

5

Appellees' predecessors at the time the Harrell Deed was executed in construing the Reservation as a fractional royalty interest. *Appellees' Br. at 12–13.*

Although Appellees correctly cite case law which mandates that courts cannot make contracts for the parties, Appellees' requested interpretation of the Reservation in the Harrell Deed asks this Court to disregard the prohibition against courts contracting for the parties and requires this Court to: (1) delete the phrase "the royalty on", (2) insert the phrase "or hereafter produced and saved from", and (3) completely ignore and misconstrue the express terms of the Reservation. In order for Appellees' interpretation of the Reservation in the Harrell Deed to be correct, the Reservation would have to be written as follows:

> "SAVE AND EXCEPT HOWEVER, and there is hereby reserved unto the GRANTORS, their heirs and assigns, a free non-participating interest in and to <u>all of</u> the ~~royalty on~~ oil, gas and other mineral[s] in and under ***or hereafter produced and saved from*** the hereinabove described property consisting of ***a*** ONE-HALF (1/2) ***royalty in the Property.*** ~~of the interest now owned by Grantors together with ONE-HALF (1/2) of the reversionary rights in and to the presently outstanding royalty in on and under said property, perpetually from date hereof.~~"

Compared to the actual Reservation found in the Harrell Deed, it is clear that Appellees' interpretation of the Reservation does not hold up:

> SAVE AND EXCEPT HOWEVER, and there is hereby reserved unto the GRANTORS, their heirs and assigns, a free non-

6

participating interest in and to **<u>the royalty</u>** on oil, gas and other mineral[s] in and under the hereinabove described property consisting **of ONE-HALF (1/2) of the interest** now owned by Grantors together with ONE-HALF (1/2) of the reversionary rights in and to the presently outstanding royalty in on and under said property, perpetually from date hereof. (emphasis added)

As a result of the specific manner in which the Reservation was drafted ("*the* royalty on oil, gas and other mineral[s]"), a fraction of royalty interest was clearly reserved. *See, e.g.*, *Medina Interests, Ltd. v. Trial*, No. 04-14-00521-CV, 2015 WL 3895902, at *5, ___ S.W.3d ___ (Tex. App.—San Antonio June 24, 2015, no. pet. h.) ("The reservation clause also refers to '*the* 1/8 royalties paid the land owner upon production.' Because there was no existing lease on the land when the deed was executed, the word 'the' can only be interpreted as referring to the landowner's royalty, *i.e.*, whatever royalty the mineral estate owner might reserve in a future lease."). Therefore, the Reservation's use of the term "the" in front of the term "royalty" can only be referring to the landowner's royalty to be reserved in a future oil and gas lease. *See id. at *3; see also Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011) ("A written contract must be construed to give effect to the parties intent expressed in the text as understood in light of the facts and circumstances surrounding the contract's execution...").

7

Further, the Reservation in the Harrell Deed does not describe the interest as a percentage of gross production. *See id.* at *3 (explaining that fractional royalty interests grant or reserve as a free royalty "a fraction or percentage of gross production"). Instead, the Reservation in the Harrell Deed provides that the interest is "in and to the royalty on oil, gas and other mineral[s]," thus, clearly indicating that the parties intended to reserve a fraction of royalty. *See id.* ("On the other hand, if the undivided royalty interest is conveyed as a fraction of the total royalty interest, its amount (as a percentage of production) depends upon the royalty reserved in future leases.").

## III. The Reservation in the Harrell Deed does not contain "parentheticals" or "qualifiers" that change the nature of the interest reserved into a fractional royalty interest.

Appellees cite five cases in support of the position that "parentheticals" and "qualifiers" in the Harrell Deed create a fractional royalty interest. *Appellees' Br. at 11.* The five cases relied upon by Appellees do not support the argument that the Reservation in the Harrell Deed should be interpreted as a fractional royalty. Contrary to Appellees' conclusory statements that the following cases bolster Appellees' argument, each of those five cases actually lend support for the Reservation in the Harrell Deed being a fraction of royalty and not a fractional royalty.

8

The first case cited by Appellees is *Schlittler v. Smith*, 101 S.W.2d 543 (Tex. 1937). *Schlittler* involved the interpretation of ". . . an undivided one-half interest in and to the royalty rights on all of oil and gas and other minerals in, on and under or that may be produced. . ." *Id.* at 544. In holding that this created a fraction of royalty and that bonuses and delay rentals are not included in a reservation of "royalty rights," the court explained that the deed only reserved, "an interest in oil, gas, or minerals paid, received, or realized as 'royalty' under any lease existing on the land at the time of the reservation, or thereafter executed by the grantee, his heirs or assigns." *Id.* Similarly, the Reservation in the Harrell Deed describes the interest as "in and to the royalty on oil, gas and other mineral[s]," which is in line with what the Texas Supreme Court labeled a fraction of royalty in *Schlittler*. *See id.*

The next case cited by Appellees is *Coghill v. Griffith*, 358 S.W.3d 834 (Tex. App.—Tyler 2012, pet. denied). In *Coghill*, the court interpreted the reservation of, "an undivided one-eighth (1/8) interest in and to all of the oil royalty [and] gas royalty." *Id.* at 835–36. After reciting well-established rules of deed construction, the court explained, "The reservation portion of the deed includes five clauses relating to the interest reserved by the grantor. **The first of these clauses reserves to the grantor an**

9

**undivided one-eighth (1/8) interest in and to all of the oil royalty [and gas royalty]. This clause describes the interest as a fraction of royalty as defined above.** *See Schlittler v. Smith*, 128 Tex. 628, 101 S.W.2d 543, 544–45 (1937) (construing a similar provision as a fraction of such royalty as may be reserved in any oil, gas, or mineral lease)." *Id.* at 838 (emphasis added). Although the deed in *Coghill* contains additional language that the Harrell Deed does not have, the court clearly did not rely on "parentheticals" or "qualifiers" in describing the phrase "in and to all of the oil royalty [and] gas royalty" as a fraction of royalty. *See id.*; *Contra Appellees' Br. at 11.* Therefore, *Coghill* is instructive with regard to the Harrell Deed's use of the phrase "in and to the royalty on oil, gas and other mineral[s]" as being consistent with fraction of royalty language. *See Coghill*, 358 S.W.3d at 838*.*

Next, Appellees cite three multiple fraction cases: *Harriss v. Ritter*, 279 S.W.2d 845 (Tex. 1955), *Wynne/Jackson Development, L.P. v. PAC Capital Holdings, Ltd.*, No. 13-12-00449-CV, 2013 WL 2470898 (Tex. App.—Corpus Christi June 6, 2013, pet. denied) (mem. op.), and *Helms v. Guthrie*, 573 S.W.2d 855 (Tex. Civ. App.—Fort Worth 1978, writ ref'd n.r.e.). *Appellees' Br. at 12.* The relevant portion of the reservation in *Harriss* provided, "**one-half of one-eighth** of the oil, gas and other

10

mineral royalty that may be **produced**." (emphasis added). *Harriss*, 279 S.W.2d at 846. The relevant portion of the reservation in *Wynne/Jackson Development* provided, "a non-participating royalty of **one-half (1/2) of the usual one-eighth (1/8) royalty** in and to all oil, gas, and other [minerals] **produced, saved and sold.**" (emphasis added). *Wynne/Jackson Development*, 2013 WL 2470898 at *4. In *Helms*, the court interpreted, **"1/2 of the 1/8Th royalty** (same being a 1/16Th of the total **production**) of oil, gas and minerals" as creating a 1/16 fractional royalty because it was to come out of total production.[2] (emphasis added). It is undisputable that the language used in the Reservation in the Harrell Deed does not contain multiple fractions nor does it contain language stating that the royalty will come directly from production like the language found in *Harriss*, *Wynne/Jackson Development*, and *Helms*. However, *Harriss, Wynne/Jackson Development*, and *Helms* provide the Court with good examples of what typical fractional royalty language looks like. The Reservation's absence of the language relied on in *Harriss, Wynne/Jackson Development*, and *Helms* in determining those deeds to be fractional royalty reservations is further evidence that the parties to the Harrell Deed

---

[2] *See id.* at 856–57 ("Our holding is that Helms contractually provided that he should own a 'fractional royalty' of 1/16Th of the total production, not a 'fraction of royalty', determinable upon the execution of some future lease.").

did not intend for the Reservation to be a fractional royalty reservation, but rather a fraction of royalty reservation.

## IV. The impact on future leasing should be considered.

Appellees represent to this Court that, "The size of the fractional interest reserved, or the possibility that the reservation would impair the future ability to lease, are not factors to be considered in the construction of fractional royalty interest reservations." *Appellees' Br. at 4.* The three cases cited by Appellees in support of this claim do not address future leasing, however, there is no language contained in any of the three cases that states that future leasing cannot be a factor used by the Court in interpreting a mineral reservation. On the other hand, Appellant has provided this Court with numerous opinions which do state that a court should consider future leasing when the deed at issue contains language which contemplates future leasing.[3]

---

[3] In *Coghill v. Griffith*, the court explained, "[w]e construe the document from a utilitarian standpoint bearing in mind the particular business activity sought to be served and will avoid when possible and proper a construction which is unreasonable, inequitable, and oppressive." 358 S.W.3d 834, 837 (Tex. App.—Tyler 2012, pet. denied) (citing *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 311-12 (Tex. 2005), and *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 530 (Tex. 1987)). The particular business activity contemplated by the Reservation is future oil and gas production, a venture that will be dead in the water if Appellees' interpretation is adopted. *See also Moore v. Noble*, 374 S.W.3d 644, 650 (Tex. App.—Amarillo 2012, no pet.) ("Given that the parties contemplated future leasing of the land for mineral exploration, a construction of the deed to reserve a one-half royalty is of course doubtful. Leasing would be hindered by the necessity for the remaining half of the production proceeds to bear the costs of drilling, equipping and operating the well, together with the royalty

The first case cited by Appellees is *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690 (Tex. 1986). Appellees go so far as to state, "The reservation of an undivided 1/2 nonparticipating royalty entitling the grantor to 1/2 of all production *was not even questioned* by the Texas Supreme Court in *Gavenda*" (emphasis added). *Appellees' Br. at 18.* This assertion by Appellees is an intentional misrepresentation of *Gavenda*. What Appellees neglect to inform this Court of is that the size of the interest reserved was not disputed by the parties in *Gavenda*, so the Texas Supreme Court did not even have the opportunity to question the size of the interest reserved or its impact on future leasing.[4] The sole issue before the Court in *Gavenda* was whether the execution of a division order precluded the lessor from suing the lessee for lessor's royalties retained by lessee—the case had nothing to do with the interpretation of the underlying deed.

The second case cited by Appellees is *Arnold v. Ashbel Smith Land Co.*, 307 S.W.2d 818 (Tex. Civ. App.—Houston 1957, writ ref'd n.r.e.). In *Arnold*, the Houston Court of Appeals interpreted the following

reserved in the lease, and provide a profit to the lessee.") (citation omitted). Additionally, in *Schlittler v. Smith*, the court explained, "[a] reservation of 'royalty' on all oil, gas, and minerals which may be produced necessarily implies that the grantor contemplated the leasing of the land for production." 101 S.W.2d 543, 544 (Tex. 1937). However, Appellees are asking this Court to ignore the language contained in the Harrell Deed regarding future leasing. *Appellees' Br. at 4, 11, 13, and 18.*

[4] *See Gavenda*, 705 S.W.2d at 691 ("*They, however, do not dispute: (1) the deed reserved a 1/2 royalty, or 1/2 of gross production; . . . The only issue then is whether under these facts division orders are binding until revoked.*") (emphasis added).

13

reservation, "a one-fourth royalty in all oil, gas and other minerals in and under or hereafter produced," as a one-fourth fractional royalty. *Id.* at 820, 828. This language is different than the Reservation in the Harrell Deed because the interest in *Arnold* was described as coming directly out of production, whereas, the Reservation describes the interest as "in and to the royalty on oil, gas and other mineral[s]". *See id.*

The third case cited by Appellees is *White v. White*, 830 S.W.2d 767 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In *White*, the court interpreted the following reservation, "*A non-participating mineral royalty equal to three-eights (#ths) of all the oil and gas and other minerals that may be on or under and produced and saved.*" *Id.* at 768. In concluding that this reserved a fractional royalty, the court explained, "By this language, it is clear the grantor intended to convey three-eighths of all the oil and gas and other minerals *'produced and saved,' in other words, a fractional royalty*, not a fraction of royalty." *Id.* at 770 (emphasis added). Thus, *White* lends further support to the Reservation being a fraction of royalty due to the absence of the phrase "produced and saved," which *White* relies upon in determining that the reservation is fractional royalty language. *See id.*

14

Additionally, despite Appellees' misguided representations to this Court, the Harrell Deed clearly contemplates future leasing by the inclusion of the following provision:

> It being understood and hereby provided, however, that GRANTORS, their heirs or assigns, shall not be entitled to participate in the bonus money or annual delay rentals paid, or to be paid, under any present or **<u>future oil, gas and mineral lease on said premises,</u>** and that it shall not be necessary for GRANTORS, their heirs or assigns, to join in the execution of any future oil, gas or mineral lease or leases on said premises.

*CR 41* (emphasis added); *Contra Appellees' Br. at 4, 11, 13, and 18.* Further, at the time the Harrell Deed was executed, there were no leases outstanding on the property. *Appellees' Br. at 12.* Thus, based on the fact that the Harrell Deed clearly contemplates future leasing, the effect of Appellee's interpretation upon the ability to lease in the future should be taken into account by the Court.[5]

## V.   A finding of ambiguity is not required prior to application of rules of construction.

While some courts may require a finding of ambiguity prior to application of the rules of construction, this Court has set out a three-step

---

[5] *See, e.g., Medina Interests, Ltd. v. Trial*, No. 04-14-00521-CV, 2015 WL 3895902, at *4, ___ S.W.3d ___ (Tex. App.—San Antonio June 24, 2015, no. pet. h.) ("At the time the deed was executed, the land was not subject to a mineral lease of any type. However, the language of the deed clearly indicates the grantors envisioned the possibility of future production from the land, and, therefore, the possibility that the grantees would enter into mineral leases in the future that paid a royalty upon production of oil, gas, or other minerals from the land.").

process to deed interpretation, "(1) 'ascertain the grantor's intent by examining the plain language of the deed'; (2) apply the appropriate rules of construction; and then (3) allow extrinsic evidence to aid in interpretation."[6] As a result, the appropriate rules of construction may be utilized prior to resorting to extrinsic evidence. *See id.*

## VI. The attorneys-fees issue should be remanded.

Appellees represent to this Court that Appellant is not appealing the issue of attorney's fees. *Appellees' Br. at viii.* Depending on the disposition of this case on appeal, this Court may remand to the trial court solely on the issue of attorney's fees.[7] Appellant has respectfully asked this Court to remand this case to the trial court on the limited issue of attorney's fees. *Appellant's Br. at 17.*

---

[6] *Dupnik v. Hermis*, No. 04-12-00417-CV, 2013 WL 979199, at *5 (Tex. App.—San Antonio March 13, 2013, pet. denied) (mem. op.) (citing *Terrill v. Tuckness*, 985 S.W.2d 97, 102 (Tex. App.—San Antonio 1998, no pet.)).

[7] *See Wynne/Jackson Development, L.P. v. PAC Capital Holdings, Ltd.*, No. 13-12-00449-CV, 2013 WL 2470898, at *6 (Tex. App.—Corpus Christi June 6, 2013, pet. denied) (mem. op.) ("When we reverse a declaratory judgment, and the trial court awarded attorney's fees to the party who prevailed [in the] trial [court], we may remand the attorney's fee award for reconsideration in light of our disposition on appeal. Based on the foregoing, we conclude that it is appropriate to remand the attorney's fee award for reconsideration in light of our disposition on appeal.") (citations omitted) (internal quotations omitted).

## PRAYER

For these reasons, Appellant, Peter J. Dragon, asks this Court to:

- reverse the traditional summary judgment in favor of Harrells and against Dragon;

- render a judgment that Dragon is entitled to summary judgment against Harrells;

- remand the case to the trial court on the limited issue of attorney's fees;

- in the alternative, remand this case in total to the trial court for proceedings consistent with this Court's opinion; and

- grant Dragon all other relief to which he is entitled.

Respectfully submitted,

LANGLEY, BANACK & BUTLER

*/s/Clinton M. Butler*
CLINTON M. BUTLER
State Bar No. 24045591
cbutler@langleybanack.com
ELIZABETH R. KOPECKI
State Bar No. 24087859
ekopecki@langleybanack.com
LANGLEY, BANACK & BUTLER
114 N. Panna Maria Ave.
Karnes City, Texas 78118
Telephone: (830) 780-2700
Telecopier: (830) 780-2701

ATTORNEYS FOR APPELLANT,
PETER J. DRAGON

17

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellant, Peter J. Dragon, certifies that the number of words in Appellant's Reply Brief, including its headings, footnotes, and quotations, is: **3,663**.

/s/ *Clinton M. Butler*
CLINTON M. BUTLER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent by E-service on this 8th day of July, 2015 to:

Mr. Jesse R. Castillo
Mr. Edward C. Snyder
Ms. Melanie A. Jimenez
CASTILLO SYNDER, P.C.
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas 78205
Email: jcastillo@casnlaw.com

/s/ *Clinton M. Butler*
CLINTON M. BUTLER